# IN THE UNITED STATES COURT OF APPEALS

for the Seventh Circuit

APPELLATE CAUSE NO. 24-02971

| | | |
|---|---|---|
| JOEY KIMBROUGH<br>　　　　Appellant | ) )<br>) | Appeal from the United States<br>Southern District - Indianapolis<br>Division |
| | ) | |
| VS. | ) )<br>) | District Court Case No.<br>1:22-cv-01993-TWP-MJD |
| AMERICAN EXPRESS, aka AMERICAN<br>EXPRESS NATIONAL BANK,<br>　　　　Appellees. | )<br>)<br>)<br>) | The Honorable Tanya Walton Pratt,<br>District Court Judge |

---

## APPELLANT'S BRIEF

---

JOEY KIMBROUGH, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
Phone: (765) 437-8451
Joeykokomo2002@yahoo.com

---

## ORAL ARGUMENT REQUESTED

---

# DISCLOSURE STATEMENT

The undersigned, Plaintiff-Appellant, Pro Se, furnishes the following list in compliance with Circuit Rule 26.1:

1. The full name of every party or amicus that attorneys represent in the case: **NONE.**  Party Kimbrough is proceeding Pro Se.

2. Said party is not a corporation.

3. The name of all law firms whose partners or associates have appeared for a party in the district court or are expected to appear for the party in the case: **None have appeared and none are expected to appear**.

Dated: December 1, 2024

/s/ *Joey Kimbrough*_____
Joey Kimbrough, Appellant, Pro Se

## TABLE OF CONTENTS

DISCLOSURE STATEMENT ……………………………………………….....  2

TABLE OF AUTHORITIES............................................................................  4

I. JURISDICTIONAL STATEMENT .............................................................  6

II. ISSUES PRESENTED ...............................................................................  7

III. STATEMENT OF THE CASE AND FACTS ............................................  9

IV. SUMMARY OF ARGUMENT ................................................................ 12

V. ARGUMENT ............................................................................................ 14

VI. CONCLUSION ....................................................................................... 52

CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32................................... 55

NOTICE OF FILING AND PROOF OF SERVICE ....................................... 57

# TABLE OF AUTHORITIES

## CASES/STATUTES/OTHER AUTHORITIES

*28 U.S.C. § 1331,  28 U.S.C. § 1291, 9 U.S.C. § 16(a)(3)*..........................................................5, 6

*A.D. v. Credit One Bank, N.A., 885 F.3d 1054 (7th Cir. 2018)*.................17, 25, 36, 40, 41, 45, 52

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)*.....................................................47, 51

*Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995)*.....................................................................14, 16, 18, 19, 21

*Chapman v. First Index, Inc., 796 F.3d 783 (7th Cir. 2015)*...........................................................51

*Doctrine of waiver*.....................................................................................................................18

*Donald v. Cook County Sheriff's Department, 95 F.3d 548, 555 (7th Cir. 1996)*...................47, 50

*Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq.*.......................................5, 8, 46, 50

*Federal Rule of Appellate Procedure 4(a)(1)(A)*............................................................................5

*Federal Rule of Evidence 1002*.........................................................7, 10, 12, 24, 36, 40, 41, 52

*First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)*...........................................................................................................37, 39, 42, 45

*Grumhaus v. Comerica Secs., Inc., 223 F.3d 648, 650 (7th Cir. 2000)*...........................................................................................................16, 20

*Haines v. Kerner, 404 U.S. 519, 520-21 (1972)*.....................................................................46, 50

*Halim v. Great Gatsby's Auction Gallery, Inc., 516 F.3d 557, 562 (7th Cir. 2008)*...........................................................................................................15, 20, 24

*Indiana Code 33-43-1-8*.........................................................7, 9, 12, 15, 26, 29, 30, 34

*Indiana Rules of Professional Conduct Rule 5.5*.........................................................................30

*Indiana Rules of Professional Conduct Rule 8.4(c)*.....................................................................31

*In the Matter of David M. Bagdade, 334 F.3d 568 (7th Cir. 2003)*........................................26, 33

*Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc., 660 F.3d 988, 994 (7th Cir. 2011)*.......................................................21, 22, 27

*Leis v. Flynt*, 439 U.S. 438 (1979) ...........................................................29, 33

*Local Rule 6-1* ..................................................6, 9, 11, 14, 15, 23, 24

*Local Rule 83-5* .......................................7, 9, 12, 15, 26, 28, 29, 30, 52

*Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023) ...................................15, 23

*Scheurer v. Fromm Family Foods, LLC*, 863 F.3d 748, 752 (7th Cir. 2017) ...........................................................................................14

*Sosa v. Onfido, Inc.*, 8 F.4th 631 (7th Cir. 2021) ...............................17, 22, 28

*St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 589 (7th Cir. 1992) ........................16, 19, 21, 22

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) ...........................................................................35, 39, 43, 46

*Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) ...............................39

*Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024) ...........................................17, 25, 36, 40, 42, 45, 52

## I. Jurisdictional Statement

1. **District Court Jurisdiction:**

   The United States District Court for the Southern District of Indiana had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. Plaintiff alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., a federal statute governing consumer reporting practices. Federal question jurisdiction was properly invoked because the claims arise under the laws of the United States.

2. **Appellate Jurisdiction:**

   The United States Court of Appeals for the Seventh Circuit has jurisdiction to review this appeal under 28 U.S.C. § 1291, as the district court's final order denying Plaintiff's Motion pursuant to the Show Cause Order (*Id*. at Dkt. 117) and its Final Judgment (*Id*. at Dkt. 118), entered on October 17, 2024, constitute a final decision resolving all claims and issues before the court. This appeal is further authorized by 9 U.S.C. § 16(a)(3), which permits appeals of orders compelling arbitration and staying proceedings pending arbitration.

3. **Timeliness:**

   This appeal is timely under Federal Rule of Appellate Procedure 4(a)(1)(A). Plaintiff-Appellant filed a Notice of Appeal (*Id*. at Dkt. 119) on October 28, 2024, within the 30-day period required by Rule 4(a).

4. **Finality of the Judgment/Order:**

The district court's orders compelling arbitration (*Id*. at Dkt. 49), staying proceedings (Dkt. 50), and denying Plaintiff's Motion pursuant to the Show Cause Order (Dkt. 117), along with the Final Judgment (*Id*. at Dkt. 118), conclusively determined the rights of the parties and left no issues for further consideration by the district court. These decisions render the matter final and appealable under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3).

## II. Statement of the Issues

1. **Waiver of Arbitration by Active Litigation Participation**

Did the district court err in compelling arbitration despite Defendant-Appellee American Express's waiver of its arbitration rights by engaging in active litigation for over 300 days, including participation in discovery, case management, and pretrial motions, before filing its motion to compel arbitration?

2. **Procedural Violations and Improper Relief**

Did the district court err in granting Defendant-Appellee relief to compel arbitration despite procedural violations, including noncompliance with **Local Rule 6-1** regarding extensions of time, which placed Defendant in procedural default and precluded its ability to seek affirmative relief?

3. **Unauthorized Practice of Law**

Did the district court err in failing to address allegations of unauthorized practice of law by Defendant-Appellee's counsel, including participation in litigation by attorneys who were not properly admitted to practice in the district court, as prohibited by **Indiana Code 33-43-1-8** and **Local Rule 83-5**?

4. **Misapplication of the Arbitration Agreement**

Did the district court exceed its authority by misapplying the alleged arbitration agreement, which explicitly assigns the obligation to initiate arbitration to the party electing arbitration—Defendant-Appellee—yet improperly shifted this responsibility to Plaintiff-Appellant, in contravention of the alleged agreement's terms and binding Seventh Circuit precedent?

5. **Failure to Adhere to Evidentiary Standards for Arbitration Agreements**

Did the district court err in compelling arbitration without requiring Defendant-Appellee to produce the original arbitration agreement or other valid proof under the Best Evidence Rule (*Federal Rule of Evidence 1002*), particularly where disputes arose about the applicability of the arbitration agreement to specific accounts?

6. **Improper Burden on Pro Se Litigant**

Did the district court abuse its discretion by imposing unfair procedural

burdens on a pro se litigant, including requiring Plaintiff-Appellant to initiate arbitration, enforcing compliance with disputed arbitration provisions, and failing to ensure adherence to procedural fairness and jurisdictional integrity?

## III. Statement of Facts

1. **Factual Background**

   Plaintiff-Appellant Joey Kimbrough initiated this case on October 7, 2022, in the United States District Court for the Southern District of Indiana, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq. The claims arose from alleged inaccuracies in Plaintiff's credit reporting, which Defendant-Appellee American Express failed to correct after being notified of the errors.

2. **Defendant's Active Litigation Participation**

   From the filing of the complaint through the motion to compel arbitration on August 15, 2023, Defendant actively participated in the litigation for 312 days. This included:

   - Filing responses and motions.

   - Engaging in discovery, including multiple email exchanges and discussions with Plaintiff regarding case management and procedural issues.

○ Participating in a May 26, 2023, order that marked the case as entering the discovery phase, explicitly requiring all parties to gather admissible evidence to support their claims or defenses. (*emphasis added*)

○ Continuing communications between Plaintiff and Defendant's counsel during May and June 2023 regarding discovery and case management, prior to Defendant's motion to compel arbitration.

3. **Procedural Violations by Defendant**

○ Defendant failed to comply with **Local Rule 6-1** by filing a motion for an extension of time without specifying a deadline for responses, effectively placing Defendant in procedural default.

○ Defendant's attorneys participated in proceedings prior to being formally admitted to practice in the district court, in violation of **Indiana Code IC 33-43-1-8** and **Local Rule 83-5.**

4. **District Court's Order Compelling Arbitration**

On September 8, 2023, the district court granted Defendant's motion to compel arbitration (*Id*. at Dkt. 49). On September 12, 2023, the court issued an order staying all proceedings pending the resolution of arbitration (*Id*. at Dkt. 50). The court's orders required Plaintiff-Appellant, not Defendant-

Appellee, to initiate arbitration proceedings, contrary to the terms of the arbitration agreement.

5. **Plaintiff's Challenges to Arbitration**

Plaintiff objected to the district court's orders compelling arbitration and staying proceedings, raising several procedural and substantive issues:

- o Defendant's active litigation participation waived its right to compel arbitration.

- o The alleged arbitration agreement placed the burden of initiating arbitration on Defendant-Appellee, not Plaintiff-Appellant.

- o Defendant's failure to produce the original arbitration agreement violated the Best Evidence Rule (*Federal Rule of Evidence 1002*).

6. **District Court's Denial of Post-Judgment Motions**

Plaintiff filed motions challenging the district court's orders, including the motion pursuant to the Show Cause Order (*Id*. at Dkt. 117). On October 17, 2024, the district court issued its final judgment (*Id*. at Dkt. 118), denying Plaintiff's motions and affirming its previous orders compelling arbitration and staying proceedings. Plaintiff timely filed a Notice of Appeal on October 28, 2024 (*Id*. at Dkt. 119).

7. **Harm to Plaintiff as a Pro Se Litigant**

Throughout the proceedings, Plaintiff-Appellant, proceeding pro se, faced

significant procedural challenges, including the district court's imposition of

responsibilities contrary to the arbitration agreement and the refusal to

address Defendant's procedural violations. These actions resulted in delays

and increased burdens for Plaintiff-Appellant.

## IV. Summary of the Argument

The district court erred in compelling arbitration and staying proceedings,

ignoring key procedural violations and substantive legal principles.

1. **Waiver of Arbitration by Active Litigation Participation:**

   Defendant-Appellee waived its right to compel arbitration by engaging in

   active litigation for over 300 days before filing its motion. Under binding

   Seventh Circuit precedent, substantial participation in litigation, including

   discovery and case management, constitutes a clear waiver of arbitration

   rights.

2. **Procedural Violations Precluding Relief:**

   Defendant-Appellee violated **Local Rule 6-1** by failing to comply with

   deadlines and procedural requirements. These violations rendered Defendant

   in procedural default, precluding its ability to seek affirmative relief,

   including the motion to compel arbitration.

3. **Unauthorized Practice of Law:**

   Defendant-Appellee's counsel participated in litigation activities while not

properly admitted to practice in the district court, violating **Indiana Code 33-43-1-8** and **Local Rule 83-5**. The district court's failure to address this misconduct undermines the integrity of the proceedings and the validity of its orders.

4. **Misapplication of the Arbitration Agreement:**

The district court misapplied the arbitration agreement by improperly shifting the burden of initiating arbitration from Defendant-Appellee, the electing party, to Plaintiff-Appellant. This misapplication violates the terms of the agreement and established contractual principles.

5. **Failure to Enforce Evidentiary Standards:**

Defendant-Appellee failed to produce the original arbitration agreement, as required by the Best Evidence Rule (*Federal Rule of Evidence 1002*). Without valid proof of the agreement's applicability to the disputed accounts, the district court's order compelling arbitration was procedurally and substantively flawed.

6. **Unfair Burden on Pro Se Litigant:**

The district court imposed unfair procedural burdens on Plaintiff-Appellant, a pro se litigant, including the requirement to initiate arbitration and bear the costs of disputed terms. These actions violated principles of fairness and due process.

For these reasons, the district court's orders compelling arbitration and staying proceedings should be reversed. Defendant-Appellee's waiver of arbitration rights and procedural violations necessitate remand for resolution of Plaintiff-Appellant's claims on their merits.

## V. Argument

## I. Standard of Review

The appellate court's review of the district court's rulings involves multiple standards, reflecting the nature of the issues on appeal. The following standards of review apply to this case:

## A. *De Novo* Review of Arbitration Decisions

The district court's decision to compel arbitration is reviewed *de novo* because it involves legal determinations regarding the enforceability of arbitration agreements and whether Defendant-Appellee waived its arbitration rights.

1. **Applicability of *De Novo* Review:**

   o The Seventh Circuit has consistently held that issues related to waiver, the scope of arbitration agreements, and statutory interpretations under the Federal Arbitration Act (FAA) are questions of law subject to *de novo* review.

    ◦ *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995): "Whether a party has waived its right to arbitrate is a question of law, subject to *de novo* review."

    ◦ *Scheurer v. Fromm Family Foods, LLC*, 863 F.3d 748, 752 (7th Cir. 2017): *De novo* review applies to determinations regarding enforceability and interpretation of arbitration agreements.

2. **Application in This Case:**

The district court's errors in determining that Defendant-Appellee had not waived arbitration and its misapplication of the agreement by shifting the burden of initiating arbitration to Plaintiff-Appellant are legal questions reviewed *de novo*.

**B. Abuse of Discretion for Procedural Rulings**

The district court's procedural rulings, including its failure to enforce **Local Rule 6-1** and address the unauthorized practice of law, are reviewed for abuse of discretion. Abuse of discretion occurs when a decision is based on an erroneous interpretation of the law, ignores procedural fairness, or rests on clearly erroneous findings of fact.

1. **Procedural Fairness and Local Rules:**

o *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008): A district court abuses its discretion when it grants relief in the face of procedural violations that prejudice the opposing party.

o *Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023): Procedural defaults by a party preclude affirmative relief when local rules are disregarded.

2. **Unauthorized Practice of Law:**

o *In re Matter of Discipline of Attorney*, 282 F.3d 818 (5th Cir. 2002): Courts have found that participation in litigation by unlicensed or unadmitted counsel invalidates the proceedings.

3. **Application in This Case:**

o The district court abused its discretion by granting Defendant-Appellee's motion to compel arbitration despite procedural violations, including noncompliance with Local Rule 6-1 (*Id*. at Dkt. 106). These violations placed Defendant-Appellee in procedural default, precluding it from obtaining affirmative relief.

o Defendant-Appellee's attorneys' unauthorized participation in litigation, prior to formal admission, violated **Indiana Code 33-43-1-8** and **Local Rule 83-5**, further undermining the integrity of the proceedings.

**C. Totality of the Circumstances for Waiver of Arbitration**

Whether Defendant-Appellee waived its right to arbitration is evaluated under the totality of the circumstances. Courts consider the following factors:

1. **Litigation Conduct and Prejudice:**

   o *Cabinetree of Wisconsin, Inc.*, 50 F.3d at 391: Waiver is found where a party delays invoking arbitration after participating in litigation and prejudices the opposing party.

   o *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 589 (7th Cir. 1992): Ten months of litigation participation, including discovery, constituted waiver.

   o *Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000): Substantial participation in discovery and pretrial activities indicates intent to litigate rather than arbitrate.

2. **Defendant-Appellee's Conduct in This Case**:

   Defendant-Appellee's 312 days of litigation, including discovery and case management participation, constitutes a clear waiver of arbitration under binding Seventh Circuit precedent (*Id.* at Dkt. 104).

## D. Evidentiary Standards – Abuse of Discretion

The district court's evidentiary rulings, including its acceptance of incomplete or secondary evidence related to the arbitration agreement, are reviewed for abuse of discretion.

1. **Federal Rule of Evidence 1002 (*Best Evidence Rule*):**

   o *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024): Compelling arbitration without sufficient proof of a valid agreement violates evidentiary standards.

2. **Burden of Proof in Arbitration:**

   o *Sosa v. Onfido, Inc.*, 8 F.4th 631 (7th Cir. 2021): The party seeking to compel arbitration bears the burden of demonstrating the existence of a valid agreement.

   o *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018): Arbitration cannot bind parties or accounts that are not explicitly covered by the agreement.

3. **Application in This Case:**

   The district court abused its discretion by compelling arbitration without requiring Defendant-Appellee to produce the original arbitration agreement or demonstrate its applicability to all disputed accounts (*Id*. at Dkt. 104).

**Conclusion on Standard of Review**

   The district court's legal determinations regarding arbitration and waiver are subject to ***de novo*** review, while procedural and evidentiary rulings are reviewed for ***abuse of discretion***. Under these standards, the errors in this case, including

Defendant-Appellee's waiver of arbitration, procedural violations, and failure to produce valid evidence, necessitate reversal of the district court's orders.

## 2. Waiver of Arbitration by Active Litigation Participation

Defendant-Appellee American Express waived its right to compel arbitration by substantially engaging in litigation for over 300 days before filing its motion to compel arbitration. The *doctrine of waiver* in the arbitration context is well-settled in the Seventh Circuit, which applies a totality of the circumstances approach to assess whether a party has relinquished its arbitration rights. Factors include the length of delay in invoking arbitration, the extent of litigation participation, and any resulting prejudice to the opposing party. See *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995).

## A. Length of Delay

From the filing of the complaint on October 7, 2022, until its *motion to compel arbitration* on August 15, 2023, Defendant-Appellee actively engaged in litigation for 312 days. (*emphasis added*) During this period, Defendant-Appellee filed pleadings, engaged in case management activities, and participated in discovery. The Seventh Circuit has consistently held that comparable or shorter delays constitute waiver:

- In *Cabinetree of Wisconsin, Inc.*, 50 F.3d at 391, the court found waiver where a party delayed invoking arbitration for eight months while engaging in litigation.

- In *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 589 (7th Cir. 1992), the court held that a ten-month delay, during which the defendant participated in litigation and discovery, waived the right to arbitrate.

Here, Defendant-Appellee's 10-month delay in asserting its arbitration rights mirrors these precedents, constituting an unequivocal waiver. (*emphasis added*)

## B. Extensive Litigation Participation

Waiver of arbitration is particularly clear where a party engages in litigation conduct that invokes the judicial process and is inconsistent with an intent to arbitrate. Defendant-Appellee's actions included:

### 1. Discovery Participation:

Defendant-Appellee actively participated in the discovery process, as evidenced by its correspondence with Plaintiff-Appellant regarding discovery logistics (*Id*. at Dkt. 104). The Seventh Circuit has held that discovery-related activities are inherently inconsistent with arbitration:

- *Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000): Participating in discovery for two years before invoking arbitration waived the right to arbitrate.

- *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008): Litigation activity, including discovery, is strong evidence of waiver.

2. **Case Management Engagement:**

   Defendant-Appellee's involvement in court-ordered case management activities further underscores its intent to litigate rather than arbitrate. For instance, Defendant-Appellee engaged in pretrial coordination meetings and email communications related to litigation strategy (*Id.* at Dkt. 104).

3. **Litigation Advocacy Prior to Arbitration Motion:**

   Defendant-Appellee filed substantive pleadings and motions during the 312-day period, further demonstrating its invocation of the judicial process. Such active litigation advocacy is incompatible with the FAA's purpose of providing a streamlined arbitration process.

4. **Strategic Timing of the Motion to Compel Arbitration**:

   Plaintiff-Appellant believes it is evident that Defendant-Appellee only filed its motion to compel arbitration after Plaintiff-Appellant submitted a *Motion for Summary Judgment*. Defendant-Appellee's motion came at a time when

it appeared unable to adequately defend against summary judgment, further underscoring its intention to strategically use arbitration as a procedural escape rather than a good-faith effort to resolve disputes. Courts have consistently held that such behavior constitutes waiver of arbitration:

- o In *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011), the court emphasized that invoking arbitration in response to adverse litigation developments undermines the good-faith use of arbitration.

- o *St. Mary's Medical Center*, 969 F.2d at 590: A party's invocation of arbitration only after realizing an inability to succeed in litigation is clear evidence of waiver.

## C. Prejudice to Plaintiff-Appellant

The Seventh Circuit has emphasized that prejudice to the opposing party is a critical factor in determining waiver. See *Cabinetree of Wisconsin, Inc.*, 50 F.3d at 391. Plaintiff-Appellant, proceeding pro se, incurred significant burdens as a result of Defendant-Appellee's litigation conduct, including:

- Time and resources expended responding to Defendant-Appellee's litigation activities.

- Preparation for discovery and case management procedures inconsistent with arbitration.

- Delays caused by Defendant-Appellee's late invocation of arbitration, effectively undermining the efficiency of arbitration.

The court in *St. Mary's Medical Center*, 969 F.2d at 590, recognized that similar delays and burdens imposed significant prejudice on the opposing party, supporting a finding of waiver.

### D. Seventh Circuit's Strict Enforcement of Waiver Doctrine

The Seventh Circuit has repeatedly emphasized that substantial litigation participation is inconsistent with the purpose of the FAA and constitutes waiver. This principle is grounded in ensuring judicial efficiency and protecting parties from unfair surprise when arbitration is invoked after prolonged litigation.

- *Kawasaki Heavy Industries, Ltd.* (660 F.3d at 994): The court affirmed that invoking the judicial process before seeking arbitration constitutes waiver.

- *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021): A party's substantial participation in litigation undermines the intent of the FAA and waives arbitration rights.

Here, Defendant-Appellee's litigation conduct aligns with the behaviors criticized in these cases, further underscoring the appropriateness of finding waiver.

### 3. Procedural Violations Precluding Relief

Defendant-Appellee's procedural violations preclude it from obtaining affirmative relief, including its *motion to compel arbitration*. These violations include noncompliance with local procedural rules, failure to meet evidentiary burdens, unauthorized practice of law, and strategic abuse of procedural rules. Each of these issues undermines the integrity of the proceedings and imposes significant prejudice on Plaintiff-Appellant. The district court's failure to address these violations constitutes reversible error.

## A. Violation of Local Rule 6-1(c)(2)

Defendant-Appellee failed to comply with **Local Rule 6-1(c)(2)**, which requires parties requesting an extension of time to specify the deadlines they seek to modify. This procedural failure was documented in Defendant-Appellee's motions and the district court filings (*Id*. at Dkt. 106). Defendant-Appellee's noncompliance placed it in procedural default, which should have barred it from obtaining affirmative relief, including its *motion to compel arbitration*.

1. **Impact of Procedural Default:**

   Under Seventh Circuit precedent, procedural default precludes affirmative relief. In *Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023), the court held that local rules are binding and that violations can justify the denial of relief to the offending party. Defendant-Appellee's failure to meet the clear

requirements of **Local Rule 6-1** demonstrates disregard for the procedural obligations necessary to maintain fairness in litigation.

## 2. Prejudice to Plaintiff-Appellant:

Defendant-Appellee's procedural noncompliance delayed the resolution of this case, requiring Plaintiff-Appellant, a pro se litigant, to expend significant time and resources addressing defective filings. The Seventh Circuit in *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008), emphasized that procedural fairness is particularly critical in cases involving self-represented parties.

## B. Failure to Meet the Burden of Proof for Arbitration Agreements

The Federal Arbitration Act (FAA) places the burden on the party seeking to compel arbitration to demonstrate the existence of a valid and enforceable arbitration agreement. Defendant-Appellee failed to meet this burden by not producing the original arbitration agreement, as required by the Federal Rules of Evidence.

## 1. Evidentiary Standards:

The Best Evidence Rule, codified in ***Federal Rule of Evidence 1002***, requires that the original document be produced to establish the terms of a written agreement. Defendant-Appellee relied on incomplete or secondary

evidence to support its motion to compel arbitration, which is insufficient to meet the evidentiary burden under the FAA.

2.  **Relevant Precedent:**

    ○  *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024): The Seventh Circuit held that compelling arbitration without sufficient evidence of a valid agreement violates evidentiary standards.

    ○  *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018): Reaffirmed that the party seeking arbitration must present valid evidence of an enforceable agreement, evaluated under a summary judgment standard.

3.  **Application in This Case:**

    Defendant-Appellee failed to produce the original arbitration agreement covering all disputed accounts, as documented in Dkt. 104. Without this critical evidence, the district court lacked a proper basis to compel arbitration.

## C. Procedural Integrity and Unauthorized Practice of Law

Defendant-Appellee's counsel engaged in litigation activities prior to being properly admitted to practice before the district court. This unauthorized practice of

law violated **Indiana Code 33-43-1-8** and **Local Rule 83-5**, undermining the legitimacy of the proceedings.

1. **Unauthorized Actions:**

   Defendant-Appellee's counsel participated in litigation activities, including correspondence with Plaintiff-Appellant and engagement in discovery, during a period when they were not admitted to practice. These violations are documented in **Dockets 104** and **111**.

2. **Seventh Circuit Precedent:**

   o   *In the Matter of David M. Bagdade*, 334 F.3d 568 (7th Cir. 2003): The Seventh Circuit imposed sanctions on an attorney who engaged in the unauthorized practice of law, emphasizing the importance of professional admission requirements to maintain the integrity of legal proceedings. In that case, David M. Bagdade practiced law in Illinois without proper admission to either the state or federal bars, resulting in civil contempt sanctions.

   o   The *Bagdade* case underscores the Seventh Circuit's commitment to enforcing procedural rules that ensure attorneys practicing before it are properly admitted, safeguarding the legitimacy and fairness of judicial processes.

**3. Impact on Procedural Fairness:**

The participation of unadmitted counsel in litigation prejudiced Plaintiff-Appellant and undermined the procedural fairness of the case. The district court's failure to address these violations permitted the continuation of improper practices that invalidated the integrity of the proceedings.

**D. Strategic Abuse of Procedural Rules**

The timing of Defendant-Appellee's *motion to compel arbitration* suggests an intentional misuse of procedural rules. Courts have consistently held that procedural rules cannot be manipulated to delay proceedings or to gain an unfair advantage.

**1. Timing of Motion:**

Defendant-Appellee filed its *motion to compel arbitration* only after Plaintiff-Appellant submitted a *Motion for Summary Judgment*, which Defendant-Appellee appeared unprepared to defend. This sequence of events indicates a strategic attempt to evade an unfavorable ruling by invoking arbitration as a procedural shield.

**2. Relevant Precedent:**

  o *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011): The Seventh Circuit

warned against the misuse of procedural rules to delay proceedings or to create an unfair advantage.

- ○ *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021): Strategic timing of arbitration motions can undermine the FAA's purpose and procedural fairness.

### 3. Impact on Judicial Efficiency:

Defendant-Appellee's strategic delay and procedural gamesmanship undermined the FAA's goal of efficient dispute resolution, imposing unnecessary burdens on Plaintiff-Appellant and the judicial system.

## 4. Unauthorized Practice of Law

The unauthorized practice of law by Defendant-Appellee's counsel during critical phases of this litigation violated Indiana law, **Local Rule 83-5**, and established professional standards. Attorneys Adam Hoock, Elise Kyla Haverman, Stephen J. Newman, and David Switzler participated in litigation activities before being properly admitted to the Southern District of Indiana. Despite Plaintiff-Appellant's repeated efforts to raise these issues, the district court failed to take corrective action. These violations undermined the legitimacy of the proceedings and directly impacted the court's orders, including the dismissal of the case and the decision compelling arbitration.

## A. Legal Standards Governing Unauthorized Practice of Law

1. **Indiana Code § 33-43-1-8:**

   Practicing law without proper licensure is classified as a **Class B misdemeanor** in Indiana. This statute ensures that only qualified and authorized attorneys represent clients in legal matters, safeguarding procedural fairness and judicial integrity.

2. **Local Rule 83-5 (Southern District of Indiana):**

   Local Rule 83-5 requires attorneys practicing before the district court to be formally admitted. This rule is essential to upholding professional standards and protecting litigants from unauthorized representation.

3. **Supreme Court Precedent – *Leis v. Flynt*, 439 U.S. 438 (1979):**

   The Supreme Court emphasized in *Leis v. Flynt* that states and courts have the authority to regulate the admission of attorneys and enforce procedural rules. Compliance with these rules is fundamental to preserving the integrity of judicial proceedings.

**B. Documented Instances of Unauthorized Practice of Law**

Defendant-Appellee's counsel engaged in litigation activities before being properly admitted to practice law in the Southern District of Indiana. Plaintiff-Appellant identified and raised these violations in several filings, including:

1. **Docket 104 – Notice of Waiver of Arbitration, Motion to Address Unauthorized Practice of Law, and Motion to Proceed with Case Management Plan**:

On July 18, 2024, Plaintiff-Appellant filed this motion, notifying the court of specific instances of unauthorized practice of law by Defendant-Appellee's counsel. Plaintiff-Appellant cited **Local Rule 83-5** and **Indiana Rules of Professional Conduct Rule 5.5**, highlighting violations by attorneys Stephen J. Newman, Adam Hoock, and David Switzler.

2. **Docket 95 – Motion to Compel**:

Plaintiff-Appellant filed a Motion to Compel on May 16, 2024, specifically identifying attorney Elise Kyla Haverman's unauthorized actions. Haverman had filed an appearance on May 10, 2024, despite not being formally admitted to the district court's bar, in violation of **Local Rule 83-5** and **Indiana Code § 33-43-1-8**.

3. **Docket 96 – Response in Opposition:**

In her Response in Opposition, Haverman admitted that "That oath was taken on May 17, 2024," acknowledging her unauthorized participation in litigation activities prior to her formal admission.

4. **Docket 111 – Plaintiff-Appellant's Objections:**

Plaintiff-Appellant filed detailed objections documenting the unauthorized participation of Defendant-Appellee's counsel and its prejudicial impact on the litigation.

5. **Docket 116 – Response to Show Cause Order:**

Plaintiff-Appellant reiterated these violations in the *Response to Show Cause Order*, highlighting their procedural and substantive impact on the fairness of the proceedings.

## C. Prejudice to Plaintiff-Appellant

The unauthorized practice of law caused significant procedural prejudice to Plaintiff-Appellant, who was forced to litigate against counsel who were not authorized to participate in the proceedings. This prejudice included:

1. **Procedural Confusion and Inefficiency:**

Plaintiff-Appellant was required to respond to filings and participate in discovery discussions involving unadmitted counsel, undermining the fairness of the litigation process.

2. **Compromised Judicial Integrity:**

Allowing unadmitted counsel to litigate tainted the legitimacy of the proceedings and undermined confidence in the district court's rulings.

3. **Professional Misconduct:**

Defendant-Appellee's counsel's actions violated **Rule 8.4(c)** of the Indiana Rules of Professional Conduct, which prohibits deceit and misrepresentation in legal practice.

## D. The Court's Failure to Address Unauthorized Practice

Despite Plaintiff-Appellant's persistent efforts to raise these violations, the district court failed to take meaningful corrective action. This inaction is demonstrated in the following rulings:

1. **Docket 101 – Order Denying Motion to Compel as Moot:**

   In response to Plaintiff-Appellant's Motion to Compel (Dkt. 95), the court acknowledged that attorney Elise Kyla Haverman had appeared without being admitted but dismissed the motion as moot, citing her subsequent compliance on May 17, 2024. The ruling failed to address the prejudicial impact of Haverman's unauthorized actions during critical phases of the litigation.

2. **Docket 104 – Motion to Address Unauthorized Practice of Law:**

   Plaintiff-Appellant filed a motion explicitly identifying unauthorized actions by Defendant-Appellee's counsel, but the court did not substantively address the motion or take any corrective action.

3. **Docket 107 – Order Denying Plaintiff-Appellant's Motion:**

   The court denied Plaintiff-Appellant's motion to address unauthorized practice of law, providing no substantive reasoning for its decision. This inaction effectively **condoned the misconduct**, allowing it to influence the proceedings without consequence. (*emphasis added*)

4. **Docket 117 – Order Dismissing Case with Prejudice:**

In Docket 117, the court denied Plaintiff-Appellant's *Response to the Show Cause Order* (*Id.* at Dkt. 116) and dismissed the case with prejudice for failure to prosecute. By dismissing the action without addressing Plaintiff-Appellant's well-documented claims of unauthorized practice of law, the court allowed Defendant-Appellee's procedural violations to remain unresolved, further prejudicing Plaintiff-Appellant.

5. **Docket 118 – Final Judgment:**

The court's final judgment ignored Plaintiff-Appellant's repeated objections and the documented unauthorized practice of law, undermining the legitimacy of its rulings.

## E. Relevant Case Law

1. **Seventh Circuit** – *In the Matter of David M. Bagdade*, 334 F.3d 568 (7th Cir. 2003):

The court sanctioned an attorney for unauthorized practice, emphasizing the importance of enforcing admission rules to maintain judicial legitimacy.

2. **Supreme Court** – *Leis v. Flynt*, 439 U.S. 438 (1979):

The Supreme Court reaffirmed the necessity of compliance with admission rules, emphasizing that unauthorized practice undermines the fairness of judicial processes.

3. **Indiana Law** – Indiana Code § 33-43-1-8:

   Practicing law without licensure is a misdemeanor offense. Defendant-Appellee's counsel's actions violated this statute, undermining the procedural integrity of the litigation.

## 5. Misapplication of the Arbitration Agreement

The district court's interpretation and application of the arbitration agreement were legally flawed, resulting in procedural and substantive errors that warrant reversal. The court compelled arbitration despite clear misapplications of the agreement's terms, a lack of supporting evidence for its enforceability, and the absence of a valid contractual basis for arbitration concerning certain accounts. These errors undermine the legitimacy of the court's order and prejudice Plaintiff-Appellant.

## A. Misapplication of Terms Requiring Arbitration

1. **Responsibility for Initiating Arbitration:**

   The alleged arbitration agreement between Plaintiff-Appellant and Defendant-Appellee explicitly places the responsibility for initiating arbitration on the party electing arbitration—in this case, Defendant-Appellee. Despite this, the district court ordered Plaintiff-Appellant to initiate arbitration (*Id*. at Dkt. 49), in direct conflict with the terms of the alleged agreement.

- o **Relevant Case Law:**

  In *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010), the Supreme Court held that arbitration is a matter of consent and must adhere strictly to the terms of the agreement. The district court's directive to shift the burden of initiating arbitration to Plaintiff-Appellant violates this principle.

2. **Terms Governing Arbitration Procedure**:

   The alleged arbitration agreement, as presented, lacks clarity regarding the procedural framework for initiating arbitration and fails to meet the evidentiary standard required for enforcement. The district court overlooked these deficiencies, misapplying the alleged agreement's terms to compel arbitration.

## B. Failure to Produce Evidence of a Valid Arbitration Agreement

Defendant-Appellee failed to meet its burden of proof to establish the existence of a valid arbitration agreement applicable to **all** disputed accounts. (*emphasis added*) Under the Federal Arbitration Act ("FAA"), the party seeking arbitration must demonstrate the existence of a binding and enforceable agreement.

1. **Lack of Original Documentation:**

   Defendant-Appellee failed to produce the alleged original arbitration

agreement governing the disputed accounts, as required by the ***Federal Rules of Evidence***.

- o **Relevant Precedent:**

    - *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024): The Seventh Circuit emphasized that arbitration orders must be supported by adequate evidence, including the original agreement.

    - *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018): The court reiterated that the burden of proving an arbitration agreement's validity rests with the party seeking to compel arbitration.

2. **Violation of the Best Evidence Rule:**

    ***Federal Rule of Evidence 1002*** requires the production of the original agreement to establish its terms. Defendant-Appellee's reliance on secondary evidence, without justification for the absence of the original, failed to satisfy this evidentiary requirement.

## C. Arbitration Agreement's Applicability to Certain Accounts

Plaintiff-Appellant raised legitimate concerns regarding the applicability of the alleged arbitration agreement to specific accounts referenced in Defendant-

Appellee's filings. Defendant-Appellee failed to establish that the disputed accounts were covered by the terms of the agreement.

1. **No Valid Agreement for Certain Accounts**:

   Plaintiff-Appellant disputed the existence of a valid contractual agreement governing specific accounts referenced in the Declaration of Keith Herr (*Id.* at Dkt. 30-1). Defendant-Appellee did not provide sufficient evidence to demonstrate that these accounts were subject to arbitration.

   o **Supreme Court Precedent:**

      In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995), the Court emphasized that courts must independently determine whether an agreement to arbitrate exists for each dispute. The district court failed to conduct this analysis.

2. **Burden of Proof:**

   The FAA places the burden on the party seeking to compel arbitration to prove the existence of an enforceable agreement. Defendant-Appellee's failure to meet this burden should have precluded enforcement of the arbitration clause.

**D. Prejudice to Plaintiff-Appellant**

The district court's misapplication of the alleged arbitration agreement caused significant prejudice to Plaintiff-Appellant, including:

1. **Shifting Procedural Obligations:**

   Even if there were a valid arbitration agreement, which there is not, by requiring Plaintiff-Appellant to initiate arbitration, the court improperly shifted the procedural burden, contrary to the alleged agreement's terms and established legal standards.

2. **Enforcing an Invalid Agreement:**

   The court compelled arbitration without adequate evidence of the alleged agreement's applicability to all disputed accounts, depriving Plaintiff-Appellant of the right to litigate those disputes in court.

3. **Lack of Judicial Oversight**:

   The district court failed to independently evaluate the enforceability of the alleged arbitration agreement, allowing Defendant-Appellee to evade scrutiny of its claims.

## E. Relevant Examples from the Docket

1. **Docket 30-1 – Declaration of Keith Herr:**

   Plaintiff-Appellant disputed the applicability of the arbitration agreement to the accounts referenced in this declaration, citing a lack of evidence linking these accounts to the agreement. The court failed to address this objection. Further, plaintiff-appellant believes that the "declaration" as presented by

employee Keith Herr would not survive pursuant to a ***Trinsey v. Pagliaro***, 229 F. Supp. 647 (E.D. Pa. 1964) review.

2. **Docket 49 – Order Compelling Arbitration:**

The court's order directed Plaintiff-Appellant to initiate arbitration, contradicting the express terms of the alleged agreement and the FAA's requirements.

3. **Docket 104 – Motion to Address Arbitration Agreement Misapplication:**

Plaintiff-Appellant raised concerns about the misapplication of the arbitration agreement in his motion, specifically addressing the procedural burden placed on Plaintiff-Appellant. The court denied this motion without substantive review.

## F. Relevant Case Law

1. ***Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010):**

Arbitration must adhere strictly to the terms of the agreement. The district court's directive requiring Plaintiff-Appellant to initiate arbitration violates this principle.

2. ***First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995):**

Courts must independently determine whether an arbitration agreement applies to each dispute. The district court failed to conduct this analysis, resulting in the improper application of the arbitration agreement.

3. ***A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018):**

The burden of proving the existence of a valid arbitration agreement rests with the party seeking to compel arbitration. Defendant-Appellee failed to meet this burden.

4. ***Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024):**

The Seventh Circuit reiterated that arbitration agreements must be supported by adequate evidence, including the original contract, to ensure enforceability.

## 6. Failure to Enforce Evidentiary Standards

The district court's failure to enforce foundational evidentiary standards in this case undermines the validity of its rulings and prejudiced Plaintiff-Appellant. The Federal Arbitration Act (FAA) and Federal Rules of Evidence establish clear requirements for proving the validity and applicability of arbitration agreements, which Defendant-Appellee failed to meet. Despite these deficiencies, the district court compelled arbitration and dismissed Plaintiff-Appellant's claims, disregarding evidentiary norms essential to ensuring fairness and justice.

## A. The Federal Rules of Evidence and the FAA

1. **Federal Rule of Evidence 1002 ("Best Evidence Rule"):**

*Federal Rule of Evidence 1002* requires the production of the original

document—or a duplicate under specified exceptions—when the contents of a written agreement are at issue. The *Best Evidence Rule* is foundational to ensuring the accuracy and reliability of evidence submitted in support of dispositive motions, including motions to compel arbitration.  This *de novo* review should compel that the original alleged arbitration agreement be produced. (emphasis added)

2.  **Burden of Proof Under the FAA:**

The FAA places the burden of proving the existence of a valid arbitration agreement on the party seeking to compel arbitration. This burden requires clear and convincing evidence, evaluated under a summary judgment standard, to establish both the existence and enforceability of the arbitration agreement. (*A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018)).

## B. Evidentiary Deficiencies in Defendant-Appellee's Submissions

Defendant-Appellee failed to meet the evidentiary standards required to compel arbitration. Specifically:

1.  **Failure to Produce the Original Arbitration Agreement:**

Defendant-Appellee did not produce the original arbitration agreement as required under **Federal Rule of Evidence 1002**. Instead, Defendant-Appellee relied on secondary evidence, including declarations and

incomplete documentation, which do not satisfy the evidentiary threshold for enforcing arbitration agreements.

- o **Relevant Case Law:**

  In *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024), the Seventh Circuit held that failure to produce the original arbitration agreement precludes enforcement under the FAA. The court emphasized that evidentiary shortcuts compromise the integrity of judicial proceedings and cannot substitute for proper evidentiary proof.

2. **Ambiguity in the Scope of the Arbitration Agreement:**

Defendant-Appellee's evidence failed to demonstrate that the alleged arbitration agreement applies to all disputed accounts, particularly those referenced in the Declaration of Keith Herr (*Id.* at Dkt. 30-1). The court did not conduct the necessary analysis to determine the agreement's scope, as required by *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

3. **Insufficient Evidence of Mutual Consent**:

Defendant-Appellee did not establish mutual assent to arbitrate, a fundamental requirement for the enforceability of arbitration agreements. The evidence provided lacked clarity on whether Plaintiff-Appellant agreed

to arbitrate disputes concerning the accounts in question, failing to meet the burden of proof outlined in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).

## C. The District Court's Failure to Enforce Evidentiary Standards

The district court disregarded the evidentiary deficiencies in Defendant-Appellee's submissions and failed to hold Defendant-Appellee to the appropriate evidentiary standards under the FAA and Federal Rules of Evidence.

1. **Docket 30-1 – Declaration of Keith Herr:**

   Defendant-Appellee relied on the Declaration of Keith Herr to establish the validity and applicability of the alleged arbitration agreement. However, this declaration did not include the original agreement or sufficient evidence to demonstrate that the agreement covered all disputed accounts. The court's acceptance of this incomplete evidence violated the *Best Evidence Rule* and the burden of proof under the FAA.

2. **Docket 49 – Order Compelling Arbitration:**

   In its order compelling arbitration, the district court failed to require Defendant-Appellee to produce the original arbitration agreement or address the evidentiary gaps in its submissions. This failure allowed Defendant-Appellee to evade scrutiny and deprived Plaintiff-Appellant of the procedural safeguards guaranteed under federal law.

3. **Docket 104 – Plaintiff-Appellant's Objections to Arbitration Agreement:**
Plaintiff-Appellant explicitly raised concerns about the evidentiary deficiencies in Defendant-Appellee's submissions, including the absence of the original agreement and the ambiguity surrounding its applicability. The court dismissed these objections without substantive analysis, further compounding the procedural prejudice against Plaintiff-Appellant.

## D. Prejudice to Plaintiff-Appellant

The district court's failure to enforce evidentiary standards caused significant prejudice to Plaintiff-Appellant, including:

1. **Compelled Arbitration Without Proper Basis:**
Plaintiff-Appellant was compelled to arbitrate disputes without clear evidence of an enforceable arbitration agreement. This undermines the fundamental principles of contractual arbitration, which require mutual assent and clear agreement.

2. **Procedural Inequity:**
The court's leniency toward Defendant-Appellee's evidentiary deficiencies, coupled with its strict enforcement of procedural rules against Plaintiff-Appellant, created an uneven playing field that denied Plaintiff-Appellant a fair opportunity to litigate.

**3. Denial of Due Process:**

By failing to require compliance with evidentiary standards, the district court deprived Plaintiff-Appellant of the procedural protections necessary to ensure a fair and impartial adjudication.

## E. Relevant Case Law

**1. *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024):**

The Seventh Circuit emphasized that failure to produce the original arbitration agreement precludes enforcement under the FAA. Proper evidentiary standards must be applied to ensure fairness and accuracy in arbitration rulings.

**2. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018):**

The party seeking to compel arbitration bears the burden of proving the validity and enforceability of the arbitration agreement under a summary judgment standard.

**3. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995):**

Courts must independently determine whether a valid arbitration agreement exists and whether it applies to the specific disputes in question.

**4.** ***Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010):**

Arbitration must be based on mutual assent, and courts cannot impose

arbitration where it is not clearly agreed upon by the parties.

## 7. Unfair Burden on Pro Se Litigant

The district court proceedings imposed an undue burden on Plaintiff-

Appellant, a pro se litigant, by failing to protect against prejudicial tactics

employed by Defendant-Appellee. This inequity is evident in **Docket 98**, which

introduced inflammatory and irrelevant remarks designed to discredit Plaintiff-

Appellant rather than address the substantive legal issues. Plaintiff-Appellant's

response, **Docket 100**, effectively rebutted these disparaging comments and

reaffirmed their focus on the substantive claims under the Fair Credit Reporting

Act (FCRA). However, the court's failure to curtail Defendant-Appellee's tactics or

address the evidentiary and constitutional arguments raised by Plaintiff-Appellant

compounded the procedural disadvantages faced by the pro se litigant.

## A. The Court's Duty to Ensure Procedural Fairness for Pro Se Litigants

Courts have a responsibility to ensure that pro se litigants are not prejudiced by

procedural complexities or opposing counsel's tactics.

### 1. Fair Treatment of Pro Se Litigants:

In *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Supreme Court

emphasized that pro se pleadings must be construed liberally to ensure that

legitimate claims are not dismissed on technical grounds. This principle is fundamental to preserving access to justice for self-represented individuals.

### 2. Protection from Prejudicial Tactics:

The Seventh Circuit in *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996), emphasized that courts must ensure procedural equity for pro se litigants, **protecting them** from irrelevant and prejudicial filings.

## B. Disparaging and Irrelevant Remarks in Docket 98

### 1. Inflammatory Characterizations:

In **Docket 98**, Defendant-Appellee's counsel introduced disparaging remarks, labeling Plaintiff-Appellant as associated with the "sovereign citizen movement" and characterizing their arguments as "nonsensical." These remarks had no relevance to the legal issues under the FCRA and served only to prejudice the court against Plaintiff-Appellant.

### 2. Distraction from Substantive Issues:

Defendant-Appellee's filing shifted the court's focus from substantive legal arguments to personal attacks, violating the principle articulated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), that legal disputes must be resolved based on evidence and substantive claims, not personal or irrelevant arguments.

**3. Failure to Address Evidentiary Standards**:

Despite relying on these inflammatory remarks, Defendant-Appellee failed

to meet the evidentiary standards required to enforce an arbitration

agreement, as detailed in Sections 5 and 6 of this brief. The court's

acceptance of such arguments undermines procedural integrity.

## C. Plaintiff-Appellant's Rebuttal in Docket 100

**1. Reaffirmation of Substantive Legal Issues:**

In **Docket 100**, Plaintiff-Appellant effectively rebutted the disparaging

remarks made in **Docket 98**, highlighting their irrelevance and refocusing on

the substantive issues under the FCRA. Plaintiff-Appellant correctly pointed

out that the personal attacks were a "blatant attempt to prejudice the Court"

and distract from Defendant-Appellee's procedural and evidentiary failures.

**2. Commitment to Procedural Integrity**:

Plaintiff-Appellant's response adhered to the principles of legal

argumentation, addressing the core claims and procedural deficiencies

without resorting to similar personal attacks. This filing underscores

Plaintiff-Appellant's commitment to ensuring a fair and equitable resolution

of the case.

## D. Importance of Dockets 33 and 34

1. **Affidavit of Status (Docket 33):**

   Plaintiff-Appellant's affidavit clearly outlines their position on contracts, the Seventh Amendment right to a jury trial, and the reservation of all unalienable rights. This unrebutted filing serves as a substantive assertion of Plaintiff-Appellant's legal and constitutional standing. (*emphasis added*)

2. **Notice of Status (Docket 34):**

   The Notice of Status elaborates on Plaintiff-Appellant's beliefs regarding contractual relationships and constitutional protections. By ignoring this document, the court failed to address Plaintiff-Appellant's concerns about the legitimacy of the alleged arbitration agreement and the denial of their Seventh Amendment rights.

3. **Denial of Constitutional Rights:**

   The court's enforcement of an unproven alleged arbitration agreement effectively denied Plaintiff-Appellant their right to a jury trial, protected under the ***Seventh Amendment***. This denial, coupled with the court's acceptance of disparaging arguments, illustrates the procedural inequities faced by Plaintiff-Appellant.

**E. Prejudice to Plaintiff-Appellant**

1. **Shift in Focus Away from Legal Merits:**

   Defendant-Appellee's tactics forced Plaintiff-Appellant to respond to personal attacks rather than engage with substantive claims under the FCRA.

2. **Unfair Denial of Constitutional Rights:**

   By compelling arbitration without sufficient evidence, the court denied Plaintiff-Appellant their constitutional right to a jury trial, further compounding the procedural disadvantages.

3. **Procedural Inequities:**

   The court's failure to consider key filings, such as **Dockets 33** and **34**, and its acceptance of inflammatory arguments in **Docket 98**, reflect an inequitable application of procedural standards.

## F. Relevant Case Law Supporting Pro Se Litigants

1. ***Haines v. Kerner***, **404 U.S. 519 (1972):**

   Courts must liberally construe pro se pleadings and ensure fair adjudication of claims.

2. ***Donald v. Cook County Sheriff's Department***, **95 F.3d 548 (7th Cir. 1996):**

   Courts **must protect** pro se litigants from prejudicial tactics and ensure procedural fairness.

3. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986):**

Legal disputes must be resolved based on substantive claims and evidence, not personal attacks or irrelevant arguments.

4. ***Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015):**

Courts must maintain public confidence in the judicial process by ensuring fairness for all litigants, including those representing themselves.

## VI. Conclusion

This case presents a clear pattern of procedural irregularities, evidentiary failures, and prejudicial treatment against Plaintiff-Appellant, a pro se litigant, that undermines the fairness and integrity of the judicial process. Plaintiff-Appellant respectfully submits that the district court's actions, including the improper enforcement of an unproven arbitration agreement, the failure to enforce evidentiary standards, and the acceptance of disparaging tactics by Defendant-Appellee's counsel, have resulted in significant prejudice and denied Plaintiff-Appellant their constitutional rights.

The principles of justice demand that all parties—particularly those representing themselves—are afforded an equitable opportunity to present their claims and defenses. Plaintiff-Appellant respectfully urges this Court to correct the procedural and substantive errors committed by the district court, ensuring that this

case proceeds in a manner consistent with the rule of law, evidentiary standards, and constitutional protections.

**Key Issues Requiring Reversal**

1. **Misapplication of the Arbitration Agreement:**

   The district court compelled arbitration without sufficient evidence of a valid and enforceable agreement. By improperly shifting the burden of initiating arbitration to Plaintiff-Appellant, the court violated established principles under the Federal Arbitration Act (FAA) and Seventh Circuit precedent. This action further denied Plaintiff-Appellant their Seventh Amendment right to a jury trial, a fundamental constitutional protection.

2. **Failure to Enforce Evidentiary Standards:**

   Defendant-Appellee failed to produce the original arbitration agreement as required under ***Federal Rule of Evidence 1002*** ("the Best Evidence Rule"). The district court's acceptance of secondary and ambiguous evidence contravenes established legal standards, as articulated in cases such as *A.D. v. Credit One Bank, N.A.* and *Wallrich v. Samsung Electronics America, Inc.*.

3. **Procedural Violations and Unauthorized Practice of Law:**

   Defendant-Appellee's counsel participated in litigation activities without proper admission to the court, as detailed in **Docket 104** and corroborated by subsequent filings. These actions, which constitute violations of **Local Rule**

**83-5** and **Indiana law**, prejudiced Plaintiff-Appellant by compromising the procedural integrity of the case. The court's failure to address these violations effectively condoned the misconduct and exacerbated the inequities.

4. **Unfair Burden on a Pro Se Litigant:**

   Plaintiff-Appellant was subjected to disproportionate procedural burdens, including responding to disparaging and irrelevant arguments in **Docket 98**, which detracted from the substantive legal issues. Despite filing a well-reasoned rebuttal in **Docket 100**, Plaintiff-Appellant's legitimate concerns were overlooked, further highlighting the court's inequitable treatment.

**Relief Sought**

In light of these significant procedural and substantive errors, Plaintiff-Appellant respectfully requests that this Court:

1. Reverse the district court's order compelling arbitration and dismissing Plaintiff-Appellant's claims with prejudice.

2. Remand the case for further proceedings that adhere to procedural fairness, evidentiary standards, and constitutional protections, including Plaintiff-Appellant's right to a jury trial under the Seventh Amendment.

3. Address the unauthorized practice of law by Defendant-Appellee's counsel and the court's failure to enforce local and federal rules governing attorney conduct.

4. Sanction Defendant-Appellee's counsel for introducing disparaging and irrelevant arguments intended to prejudice the court and distract from the substantive claims.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Appellant, Pro Se
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
Joeykokomo2002@yahoo.com

## **Certificate of Service**

I hereby certify that the foregoing has been served on the Clerk of this Honorable Court on December 1, 2024 via email at CA07_pro_se_filings@ca7.uscourts.gov. I further certify that this Appellant Brief along with a *Motion to File Electronically* and a corresponding Proposed Order Granting were mailed by USPS first class postage prepaid to Clerk of the United States Court of Appeals for the Seventh Circuit Everett McKinley Dirksen United States Courthouse 219 S. Dearborn Street, Room 2722, Chicago, IL 60604 on December 2, 2024.

/s/*Joey Kimbrough*
Joey Kimbrough, Pro Se

## Certificate of Compliance with Circuit Rule 32

I hereby certify that this brief complies with the type-volume limitation of *Circuit Rule 32*. The brief contains **9242 words**, excluding the parts of the brief exempted by *Federal Rule of Appellate Procedure 32(f)*. The word count was calculated using the word count feature of **Microsoft Word**.

This brief has been prepared in a proportionally spaced typeface using **Times New Roman, 14-point font**, and complies with the typeface and formatting requirements of *Federal Rule of Appellate Procedure 32(a)(5)-(6)* and *Circuit Rule 32*.

Additionally, this brief complies with **Federal Rule of Appellate Procedure 32**, including the following specific provisions:

1. **Form of a Brief – Reproduction (Rule 32(a)(1)):**

   o This brief is reproduced using a process that yields a clear black image on light, opaque, unglazed paper, with text clarity equaling or exceeding that of a laser printer. Only one side of the paper is used in printed copies.

   o Any photographs, illustrations, or tables are reproduced by a method ensuring quality reproduction.

2. **Form of a Brief – Cover (Rule 32(a)(2)):**

    ○  Because Plaintiff-Appellant is an **unrepresented party**, the cover of this brief is **white**, as required under Federal Rule of Appellate Procedure 32(a)(2). Covers in other colors are not applicable to this filing.

I further certify that this brief has been electronically filed in compliance with the **Seventh Circuit Electronic Case Filing (ECF) User Manual** and submitted in text-searchable PDF format. All margins are at least **1 inch**, and the text is double-spaced, except for headings, quotations exceeding two lines, and footnotes, which are single-spaced.

Date: 12/1/2024

                                    */s/ Joey Kimbrough*
                                    Joey Kimbrough, Appellant, Pro Se
                                    1712 Candy Court South
                                    Kokomo, IN 46902
                                    765-437-8451
                                    Joeykokomo2002@yahoo.com

## <u>Notice of Filing and Proof of Service</u>

**TO:**

Clerk of the United States Court of Appeals for the Seventh Circuit

Everett McKinley Dirksen United States Courthouse

219 S. Dearborn Street, Room 2722

Chicago, IL 60604

    **PLEASE TAKE NOTICE** that on **December 1, 2024**, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Seventh Circuit (by email):

- **Appellant's Brief** in compliance with the Federal Rules of Appellate Procedure, including Rule 32(a)(7) regarding word limits and formatting requirements.

    In addition, the undersigned has filed a ***Motion to File Electronically*** and *Proposed Order Granting* in concurrence with the filing of this Brief.

    Pursuant to **Federal Rule of Appellate Procedure 25** and **Seventh Circuit Rule 25(a)**, this filing has been submitted electronically via the Seventh Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution:** All Counsel of Record

Date: 12/1/2024                         <u>/s/ *Joey Kimbrough*</u>
                                        Joey Kimbrough, Appellant, Pro Se
                                        1712 Candy Court South
                                        Kokomo, IN 46902
                                        765-437-8451
                                        Joeykokomo2002@yahoo.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58

The Court having this day made its Entry directing the entry of final judgment, the Court

now enters **FINAL JUDGMENT**. This action is **dismissed with prejudice**.

Dated: 10/17/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Elise Kyla Haverman
Steptoe LLP
ehaverman@steptoe.com

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Stephen J. Newman
Steptoe LLP
snewman@steptoe.com