**No. 24-2971**

# In the
# United States Court of Appeals
## for the Seventh Circuit

JOEY D. KIMBROUGH,

*Plaintiff-Appellant,*

v.

AMERICAN EXPRESS COMPANY, also known as
AMERICAN EXPRESS NATIONAL BANK,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division, No. 1:22-cv-01993-TWP-MJD.
The Honorable Tanya Walton Pratt, Judge Presiding.

## BRIEF AND APPENDIX OF DEFENDANT-APPELLEE

STEPHEN J. NEWMAN (*Counsel of Record*)
STEPTOE LLP
2029 Century Park East
9th Floor
Los Angeles, CA 90067
(213) 439-9400

CARA LAWSON
STEPTOE LLP
227 West Monroe Street
Suite 4700
Chicago, Illinois 60606
(312) 577-1300

*Counsel for Appellee*
*American Express Company, also known as*
*American Express National Bank*



PRINTED ON RECYCLED PAPER



**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2971

Short Caption: Kimbrough v. American Express Company

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

American Express National Bank (erroneously sued as American Express Company)

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Steptoe LLP and Morgan, Lewis & Bockius LLP

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        American Express Travel Related Services Company, Inc., whose parent is American Express Company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        Berkshire Hathaway owns more than 10% or more of American Express Company's Stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: Stephen J. Newman    Date: November 1, 2024

Attorney's Printed Name: Stephen J. Newman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☑  **No** ☐

Address: 2029 Century Park East, Suite 980, Los Angeles, CA 90067

Phone Number: 213-439-9400    Fax Number: 213-439-9599

E-Mail Address: snewman@steptoe.com

rev. 12/19 AK

Save As    Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2971

Short Caption: Kimbrough v. American Express Company

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

   [ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

 American Express National Bank (erroneously sued as American Express Company)

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

 Steptoe LLP and Morgan, Lewis & Bockius LLP

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        American Express Travel Related Services Company, Inc., whose parent is American Express Company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        Berkshire Hathaway owns more than 10% or more of American Express Company's Stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 N/A

Attorney's Signature: Cara Lawson    Date: November 18, 2024

Attorney's Printed Name:  Cara Lawson

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [ ]    **No** [✓]

Address:  227 West Monroe Street Suite 4700, Chicago, IL 60606

Phone Number: 312-577-1256    Fax Number: 312-577-1370

E-Mail Address: clawson@steptoe.com

rev. 12/19 AK

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................ 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ................... 4

STATEMENT OF THE CASE ..................................................................... 6

I.    THE PARTIES ENTER INTO AGREEMENTS THAT PROVIDE FOR
DISPUTE RESOLUTION IN ARBITRATION ................................. 6

II.   KIMBROUGH FILES SUIT IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA AND AMERICAN EXPRESS
INDICATES INTENTION TO ARBITRATE .................................. 10

III.  KIMBROUGH WILLFULLY REFUSES TO COMMENCE
ARBITRATION AS ORDERED BY THE DISTRICT COURT ...................... 12

SUMMARY OF ARGUMENT ................................................................. 16

ARGUMENT ......................................................................................... 18

I.    STATEMENT OF THE STANDARD OF REVIEW ........................ 18

II.   THIS COURT DOES NOT HAVE JURISDICTION TO REVIEW THE
ARBITRATION ORDERS ............................................................ 19

III.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN
DISMISSING KIMBROUGH'S CASE FOR FAILURE TO COMMENCE
THE ARBITRATION PROCESS .................................................. 20

    A.   Dismissal With Prejudice Was an Appropriate Sanction for
Kimbrough's Repeated, Willful Refusal to Obey the Arbitration
Orders ........................................................................................ 20

    B.   Kimbrough Could Have Complied With the Arbitration Orders,
But Chose Not to Comply .......................................................... 23

    C.   Kimbrough's Refusal to Comply With the Arbitration Orders
Does Not Enable This Court to Review Them ............................. 24

    D.   The District Court Did Not Abuse its Discretion in Compelling
Kimbrough's Claims to Arbitration ........................................... 26

        1.   Legal Standards for Arbitration Motions ................................. 26

        2.   The Arbitration Agreements Entered Into by Kimbrough
and American Express Entered Are Valid ................................. 28

3.    Kimbrough's Claims Are Covered by the Arbitration Agreements ........................................................................ 31

IV.  THE DISTRICT COURT'S DECISION COMPELLING ARBITRATION WAS CORRECT AND THERE WAS NO WAIVER BY AMERICAN EXPRESS OF ITS ARBITRATION RIGHTS ........................................ 33

    A.    Kimbrough Forfeited His Argument That American Express Waived its Right to Arbitrate .................................. 33

    B.    American Express Did Not Waive its Right to Arbitrate .................. 34

V.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN MANAGING ITS DOCKET AND EXTENDING CERTAIN DEADLINES 37

VI.  THE DISTRICT COURT WAS WITHIN ITS DISCRETION TO DENY KIMBROUGH'S REQUESTS RELATED TO PURPORTED "UNAUTHORIZED PRACTICE OF LAW" ...................................... 39

VII.  THE DISTRICT COURT DID NOT PLACE UNFAIR BURDENS ON KIMBROUGH AS A *PRO SE* LITIGANT ........................................ 44

CONCLUSION .............................................................................. 49

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D. v. Credit One Bank, N.A.,*
  885 F.3d 1054 (7th Cir. 2018) .................................................................. 32

*Alicea v. Cnty. of Cook,*
  88 F.4th 1209 (7th Cir. 2023) ............................................................ 18, 38

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) .................................................................................. 47

*Aneke v. Am. Express Travel Related Servs., Inc.,*
  841 F. Supp. 2d 368 (D.D.C. 2012) ........................................................ 30

*AT & T Tech., Inc. v. Commc'ns Workers of Am.,*
  475 U.S. 643 (1986) .................................................................................. 27

*Ball v. City of Chicago,*
  2 F.3d 752 (7th Cir. 1993) ....................................................................... 21

*Cabinetree of Wisconsin v. Kraftmaid Cabinetry,*
  50 F.3d 388 (7th Cir.1995) ................................................................. 35, 36

*Chapman v. First Index, Inc.,*
  796 F.3d 783 (7th Cir. 2015) ................................................................... 47

*Dietz v. Bouldin,*
  579 U.S. 40 (2016) .................................................................................... 37

*Domer v. Menard, Inc.,*
  116 F.4th 686 (7th Cir. 2024) ............................................................ 27, 28

*Donald v. Cook Cnty. Sheriff's Dep't,*
  95 F.3d 548 (7th Cir. 1996) ..................................................................... 47

*Downs v. Westphal,*
    78 F.3d 1252 (7th Cir.), *opinion amended on denial of reh'g,* 87 F.3d
    202 (7th Cir. 1996) .............................................................. 24, 48

*In re Establishment Inspection of Hern Iron Works, Inc.,*
    881 F.2d 722 (9th Cir. 1989) ............................................ 20, 25

*Haines v. Kerner,*
    404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)........................ 47

*Homola v. McNamara,*
    59 F.3d 647 (7th Cir. 1995) .................................................. 25

*Howat v. Kansas,*
    258 U.S. 181 (1922).......................................................... 25, 26

*INTL FCStone Fin. Inc. v. Jacobson,*
    950 F.3d 491 (7th Cir. 2020) ................................................ 19

*JMC Prop. Grp., LLC v. Fortune Co., Inc.,*
    2023 U.S. Dist. LEXIS 43304 (S. D. Ind. Mar. 14, 2023)...................... 44

*Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.,*
    660 F.3d 988 (7th Cir. 2011) .......................................... 18, 35, 36

*Khanna v. Am. Express Co.,*
    No. 11 Civ. 6245 (JSR), 2011 WL 6382603 (S.D.N.Y. Dec. 14, 2011)............ 30

*Love v. Vanihel,*
    73 F.4th 439 (7th Cir. 2023), *cert. denied sub nom. Love v. Neal,* No.
    23-1034, 2024 WL 4426542 (U.S. Oct. 7, 2024)........................... 33, 43

*Madej v. Briley,*
    371 F.3d 898 (7th Cir. 2004) ................................................ 25

*Miller v. Chicago Transit Auth.,*
    20 F.4th 1148 (7th Cir. 2021) ............................................ 39, 42

*Miller v. Corinthian Colls., Inc.,*
    769 F. Supp. 2d 1336 (D. Utah 2011) ........................................ 30

*Mitchell v. Union Pac. R. Co.,*
   501 F.3d 794 (7th Cir. 2007) ................................................... 48

*Moffitt v. Illinois State Bd. of Educ.,*
   236 F.3d 868 (7th Cir. 2001) ................................................... 21

*Moglia v. Pac. Employers Ins. Co. of N. Am.,*
   547 F.3d 835 (7th Cir. 2008) ........................................ 1, 18, 19

*Nelson v. Schultz,*
   878 F.3d 236 (7th Cir. 2017) ................................................... 48

*Next Millennium Telecom Co. v. Am. Signal Corp.,*
   112 F.4th 481 (7th Cir. 2024) ......................................... 18, 21

*Smith v. ComputerTraining.com Inc.,*
   772 F. Supp. 2d 850 (E.D. Mich. 2011), *aff'd*, 531 F. App'x 713 (6th
   Cir. 2013) ................................................................................... 30

*Spann v. Am. Express Travel Related Servs. Co., Inc.,*
   224 S.W.3d 698 (Tenn. Ct. App. 2006) .................................. 31

*St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.,*
   969 F.2d 585 (7th Cir. 1992) ............................................ 36, 37

*Taylor v. Shepard,*
   No. 20-3113, 2022 WL 832509 (7th Cir. Mar. 21, 2022) ......... 48

*Thomas v. Wardell,*
   951 F.3d 854 (7th Cir. 2020) ................................................... 21

*Tinder v. Pinkerton Sec.,*
   305 F.3d 728 (7th Cir. 2002) ................................................... 28

*Turner v. Zurich,*
   No. 122CV01495JPHMKK, 2023 WL 5231492 (S.D. Ind. Feb. 24,
   2023) .......................................................................................... 23

*United States v. Cutler,*
   58 F.3d 825 (2d Cir. 1995) ....................................................... 2

*U.S. ex rel. Verdone v. Circuit Court for Taylor Cnty.*,
73 F.3d 669 (7th Cir. 1995) ........................................................ 23

*Wallrich v. Samsung Elecs. Am., Inc.*,
106 F.4th 609 (7th Cir. 2024) .................................................... 32

*Walton v. Uprova Credit LLC*,
722 F. Supp. 3d 824 (S.D. Ind. 2024)........................................ 27

*White v. Williams*,
423 F. App'x 645 (7th Cir. 2011) .............................................. 22

*Wynne v. Am. Express Co.*,
No. 2:09-CV-00260-TJW, 2010 WL 3860362 (E.D. Tex. Sept. 30,
2010) ............................................................................................ 30

*Zurich Am. Ins. Co. v. Watts Indus., Inc.*,
466 F.3d 577 (7th Cir. 2006) .................................................... 27

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 16(b) ........................................ 1, 18, 19

Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) .................................. 1, 10

28 U.S.C. § 1291 .................................................................................... 2

28 U.S.C. § 1331 .................................................................................... 1

Indiana Code 33-43-1-8 ........................................................................ 40

Utah Code Ann. § 25-5-4(2)(e) ........................................................ 6, 29

Utah Code Ann. § 70C-4-102(2)(b) .................................................. 6, 29

Utah Code Ann. § 70C-4-105(1) ...................................................... 6, 29

**Other Authorities**

Fed. R. App. P. 4(a) ............................................................................... 2

Fed. R. Civ. P. 41(b) ....................................................................... 20, 48

Fed. R. Ev. 1002 ....................................................................................... 27

Indiana Rules of Professional Conduct, Rule 5.5(c)(2) ........................ 40, 41

Local Rule 6-1(c) ..................................................................................... 38

Local Rule 83-5 .................................................................................. 39, 40, 41

Circuit Rule 30 ........................................................................................ 43

Circuit Rule 53(b)(2)(iv)(A) .................................................................... 43

## JURISDICTIONAL STATEMENT

The jurisdictional statement of Plaintiff-Appellant Joey Kimbrough ("Kimbrough") is not complete and correct.

The District Court had federal question jurisdiction under 28 U.S.C. § 1331 because Kimbrough brought the underlying action for purported violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).  (ECF 1 at ¶¶ 111–126.)[1]

Under the explicit terms of the Federal Arbitration Act, this Court lacks jurisdiction to review the District Court's grant of American Express National Bank's ("American Express") motion to compel arbitration (A9; A15).  *See* 9 U.S.C. § 16(b).  This Court has made clear that "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable. Indeed, 9 U.S.C. § 16(b) positively *forbids* appeal."  *Moglia v. Pac. Employers Ins. Co. of N. Am.*, 547 F.3d 835, 837 (7th Cir. 2008) (citation omitted).  As such, this Court has no jurisdiction to review the District Court's orders compelling arbitration and staying proceedings (A9 & A15).  Likewise, this Court has no jurisdiction to review Kimbrough's related arguments that (i) American Express waived its arbitration rights by supposedly "participating" in the litigation before filing its Motion to

---

[1] All "ECF" references are to the docket entries in the District Court, Case No. 1:22-cv-01993-TWP-MJD.

1

Compel Arbitration and (ii) the District Court erred by granting American Express additional time to file its Motion to Compel Arbitration.

Final judgment was entered by the District Court on October 17, 2024.  (A1.) Kimbrough filed his appeal on October 28, 2024, which was within the time period prescribed under Fed. R. App. P. 4(a).

Under 28 U.S.C. § 1291, this Court has jurisdiction to review a final decision of the District Court.  The District Court's dismissal of Kimbrough's case for failure to prosecute and the corresponding final judgment is a final decision.  Nonetheless, the judgment is unreviewable because Kimbrough contends only that his failure to prosecute was justified because he never should have been ordered to arbitrate.  Kimbrough cannot manufacture appellate jurisdiction by refusing to obey a court order compelling him to arbitration and then waiting for the inevitable order dismissing for want of prosecution.  *See United States v. Cutler*, 58 F.3d 825, 832 (2d Cir. 1995) ("Under the collateral bar doctrine, a party may not challenge a district court's order by violating it.").

Finally, 28 U.S.C. § 1291 does not grant this Court jurisdiction to review Kimbrough's claims regarding the District Court's decisions on his motions related to counsel's purported "unauthorized practice of law."

## RELATED CASES IN THIS COURT

- *Joey D. Kimbrough v. American Express Company, also known as American Express National Bank*, Case No. 23-2911

- *Joey D. Kimbrough v. American Express Company, also known as American Express National Bank*, Case No. 23-2912

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether this Court has jurisdiction to review the District Court's decisions granting American Express's motion to compel arbitration and staying all proceedings pending the completion of arbitration (the "Arbitration Orders"). (No.)

2. Whether the District Court abused its discretion in dismissing Kimbrough's case for want of prosecution following Kimbrough's failure to comply with the Arbitration Orders for more than a year. (No.)

3. If this Court decides it has jurisdiction to review the Arbitration Orders, whether the District Court erred in reviewing the affidavit and exhibits submitted to determine that the Parties agreed to arbitrate the claims. (No.)

4. If this Court decides it has jurisdiction to review the Arbitration Orders, whether the District Court erred in finding that the case is arbitrable. (No.)

5. If this Court decides it has jurisdiction to review the Arbitration Orders, whether the District Court abused its discretion in procedural decisions, including extending certain case deadlines. (No.)

6. Whether the District Court abused its discretion when it exercised its authority to relieve American Express from an inadvertent failure to comply with a procedural rule that caused no prejudice to Kimbrough.  (No.)

7. Whether the District Court improperly burdened Kimbrough as a *pro se* litigant.  (No.)

## STATEMENT OF THE CASE

### I.  THE PARTIES ENTER INTO AGREEMENTS THAT PROVIDE FOR DISPUTE RESOLUTION IN ARBITRATION

Defendant-Appellee American Express National Bank ("American Express") is a national banking association with its main office in Utah.  (ECF 11 at ¶ 15.)  Plaintiff-Appellant Joey Kimbrough ("Kimbrough") applied for five credit card accounts that American Express opened (the "Accounts").  (ECF 30-1 at ¶ 3.)

American Express cardmember account agreements are expressly governed by a Utah choice-of-law provision.  (ECF 30-2 at 11, 27, 40, 74.)  Utah law provides:

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e).  Further, Utah law expressly allows arbitration provisions to be included in open-end credit agreements.  *See* Utah Code Ann. § 70C-4-102(2)(b) (providing that "[a] creditor may change an open-end consumer credit contract in accordance with this section to include arbitration or other alternative dispute resolution mechanism"); Utah Code Ann. § 70C-4-105(1)

6

(providing that "a creditor may contract with the debtor of an open-end consumer credit contract for a waiver by the debtor of the right to initiate or participate in a class action related to the open-end consumer credit contract").

As it does with all the cardmember accounts it opens, American Express mailed Kimbrough the physical American Express cards along with the applicable Cardmember Agreements when he opened the Accounts.  (ECF 30-1 at ¶ 4; ECF 30-2.)   All American Express cardmember agreements, including Kimbrough's, provide that use of the card constitutes acceptance of the agreement.  (*See* ECF 30-2 at 6, 23, 36, 70.)  Kimbrough kept the issued cards and used the Accounts, thereby accepting the terms of the cardmember agreements, including the arbitration agreements discussed below.  (ECF 30-1 ¶ 6; ECF 30-3.)

Kimbrough's cardmember agreements include a section entitled "Claims Resolution" that provides:

**Claims Resolution**

. . . You may reject the arbitration provision by sending us written notice within 45 days after your first card purchase. See Your Right to Reject Arbitration below.

For this section, you and us includes any corporate parents, subsidiaries, affiliates or related persons or entities. Claim means any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of

the Arbitration provision. Claim includes but is not limited to: (1) initial claims, counterclaims, crossclaims and third-party claims; (2) claims based upon contract, tort, fraud, statute, regulation, common law and equity; (3) claims by or against any third party using or providing any product, service or benefit in connection with any account; and (4) claims that arise from or relate to (a) any account created under any of the agreements, or any balances on any such account, (b) advertisements, promotions or statements related to any accounts, goods or services financed under any accounts or terms of financing, (c) benefits and services related to card membership (including fee-based or free benefit programs, enrollment services and rewards programs) and (d) your application for any account . . .

**Arbitration**

You or we may elect to resolve any claim by individual arbitration. Claims are decided by a neutral arbitrator.

If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any claim subject to arbitration. Arbitration procedures are generally simpler than the rules that apply in court, and discovery is more limited. The arbitrator's decisions are as enforceable as any court order and are subject to very limited review by a court. Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

**Initiating Arbitration**

Before beginning arbitration, you or we must first send a claim notice. Claims will be referred to either JAMS or AAA, as selected by the party electing arbitration. Claims will be resolved pursuant to this Arbitration provision and the selected organization's rules in effect when the claim is filed, except where those rules conflict with this Agreement. If we choose the organization, you may select the other

within 30 days after receiving notice of our selection. Contact JAMS or AAA to begin an arbitration or for other information.

. . .

You or we may otherwise elect to arbitrate any claim at any time unless it has been filed in court and trial has begun or final judgment has been entered. Either you or we may delay enforcing or not exercise rights under this Arbitration provision, including the right to arbitrate a claim, without waiving the right to exercise or enforce those rights.

. . .

**Arbitration Procedures**

This Arbitration provision is governed by the FAA. The arbitrator will apply applicable substantive law, statutes of limitations and privileges. The arbitrator will not apply any federal or state rules of civil procedure or evidence in matters relating to evidence or discovery. Subject to the *Limitations on Arbitration*, the arbitrator may otherwise award any relief available in court. . . . At any party's request, the arbitrator will provide a brief written explanation of the award. . . . At your election, arbitration hearings will take place in the federal judicial district of your residence.

**Arbitration Fees and Costs**

You will be responsible for paying your share of any arbitration fees (including filing, administrative, hearing or other fees), but only up to the amount of the filing fees you would have incurred if you had brought a claim in court. We will be responsible for any additional arbitration fees. At your written request, we will consider in good faith making a temporary advance of your share of any arbitration fees, or paying for the reasonable fees of an expert appointed by the arbitrator for good cause.

. . .

**Your Right to Reject Arbitration**

You may reject this provision by sending a written rejection notice to us at: American Express, P.O. Box 981556, El Paso, TX 79998. Go to americanexpress.com/reject for a sample rejection notice. Your rejection notice must be mailed within 45 days after your first card purchase. Your rejection notice should state that you reject the Arbitration provision and include your name, address, Account number and personal signature.

**Continuation**

This section will survive termination of your Account . . .

(*See, e.g.*, ECF 30-2 at 11-12 § "Claims Resolution.")  Kimbrough accepted the terms of the cardmember agreements, including the above (the "Arbitration Agreements") when he kept the issued American Express cards and used the Accounts.  (ECF 30-1; ECF 30-3.)  Additionally, following receipt of the cards, Kimbrough did not reject the Arbitration Agreements by submitting timely written notice to American Express as he was permitted to do.  (ECF 30-1 at ¶ 5.) No evidence was presented to the District Court contradicting any of these facts.

## II.     KIMBROUGH FILES SUIT IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA AND AMERICAN EXPRESS INDICATES INTENTION TO ARBITRATE

Kimbrough filed his Complaint on October 7, 2022 in the U.S. District Court for the Southern District of Indiana, alleging one cause of action against American Express for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

(ECF 1 at ¶¶ 111–126.)  On December 13, 2022, American Express filed its Answer and Affirmative Defenses to Kimbrough's Complaint.  (ECF 11.)  American Express asserted as its first affirmative defense that "Plaintiff's claims are subject to binding arbitration pursuant to a valid and binding arbitration agreement and American Express specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff."  (*Id.* at 21.)  On December 23, 2022, in its opposition to a motion for default filed by Kimbrough, American Express again indicated its intention to arbitrate.  (ECF 14 at 4 ("American Express intends to file a motion to compel arbitration if Plaintiff will not stipulate to stay this action, pending the completion of arbitration, as he is required to do pursuant to his American Express Cardmember Agreement.").)

Following a request by Kimbrough (ECF 18), the District Court entered an order on May 23, 2023 setting a pretrial schedule and discussing discovery (the "Scheduling Order").  (ECF 19.)  Among other dates, the Scheduling Order set a deadline for close of discovery for December 15, 2023 and a deadline motions for summary judgment on or before January 12, 2024.  (*Id.* at 4.)

On May 31, 2023, just five days after the District Court issued its Scheduling Order, Plaintiff filed a Motion for Summary Judgment (ECF 20).  On June 23, 2023,

11

American Express filed an Unopposed Motion for Extension of Time (ECF 25), in part, on the basis that "American Express plan[ned] to file a motion to compel arbitration, pursuant to the valid and binding arbitration agreements contained within the cardmember agreements governing Plaintiff's accounts with American Express." (*Id.* at 2.) The District Court granted American Express an extension of time to respond to the Motion for Summary Judgment "until such time as the Court has ruled on the issue of whether Plaintiff is required to arbitrate this dispute." (ECF 26.) On August 15, 2023, American Express filed its Motion to Compel Arbitration (ECF 29). On September 8, 2023, the District Court granted American Express's Motion to Compel Arbitration and then stayed "all proceedings in this case" by an order issued on September 12, 2023. (A9 & A15 (the "Arbitration Orders").) The District Court dismissed Kimbrough's Motion for Summary Judgment without prejudice, noting that Kimbrough "may refile it, if appropriate once the stay is lifted." (A16.)

### III.   KIMBROUGH WILLFULLY REFUSES TO COMMENCE ARBITRATION AS ORDERED BY THE DISTRICT COURT

Pursuant to the Arbitration Orders (A9; A15), American Express was charged with filing notices beginning on January 5, 2024, and every thirty days after, concerning the status of the arbitration proceedings. American Express

complied with that requirement, noting in each of its filings that Kimbrough had not commenced arbitration of his claims against American Express as required by the District Court's previous rulings.  Instead of initiating arbitration as the court had ordered him to do, Kimbrough filed a Motion for Reconsideration of the Court's Order Granting Defendant's Motion to Compel Arbitration (ECF 56) and an Objection to Court's Order Granting Defendant's Motion to Compel Arbitration Dated 9/8/2023 (ECF 58).   The District Court denied the Motion for Reconsideration by order dated January 8, 2024.  (A17.)

Kimbrough initiated two appeals:  Case Nos. 23-2911 & 23-2912.  On January 17, 2024, this Court dismissed both, expressly recognizing that an order compelling arbitration is not appealable.  (A22.)  On May 7, 2024, the District Court issued an order providing that there be a conference "to discuss Kimbrough's perceived failure to comply with the Court's Order compelling arbitration proceedings."  (ECF 91.)  Kimbrough then moved to vacate the District Court's order compelling arbitration (ECF 94), which was denied (A26).  At the May 30 conference, Kimbrough told the District Court, again, that he did not agree with the order compelling arbitration and argued that American Express, not Kimbrough, was the party required to initiate arbitration.  (A33-36.)  The District

Court rejected those arguments and instructed Kimbrough: "if you want to prosecute the claim, you have to do it through an arbitration." (A35.)

The District Court's subsequent order warned, "**Plaintiff is hereby put on notice that if Plaintiff fails to initiate the arbitration process by July 19, 2024, the Court may assume that Plaintiff has decided to abandon his claim and may therefore dismiss this case, with prejudice, for failure to prosecute.**" (A36 (emphasis in original).) Kimbrough refused to arbitrate. Instead, he filed a Notice of Waiver of Arbitration (ECF 104), which was denied (A27). Kimbrough then filed objections to the District Court's Orders (ECF 105 & 106.) On September 20, 2024, the District Court overruled the objections and ordered Kimbrough to show cause as to why he had failed to comply with the orders or commence arbitration (A31). The show cause order notified Kimbrough that "[f]ailure to comply with the Order may result in dismissal of this matter." (*Id*.) Kimbrough still refused to arbitrate.

On October 17, 2024, the District Court dismissed Kimbrough's suit for failure to prosecute. (A1.) The District Court explained that "Kimbrough's Response [to the show cause order] and his ongoing refusal to commence arbitration make clear that he will not pursue this case in the manner the Court

has ruled that the law requires, despite repeated warnings that his claims may otherwise be dismissed. Dismissal of this action for failure to prosecute or comply with the Court order is therefore appropriate." (A2.)  A final judgment dismissing the action with prejudice was entered the same day.  (A4.)  Kimbrough filed his notice of this appeal on October 28, 2024.

## SUMMARY OF ARGUMENT

Plaintiff-Appellant Joey Kimbrough ("Kimbrough") filed his claims against Defendant-Appellee American Express National Bank ("American Express") in federal court despite the Parties' explicit agreement to arbitrate those claims. In September 2023, the District Court granted American Express's motion to compel arbitration pursuant to the terms of the Parties' agreements (A9) and ordered a stay of the proceedings pending the result of the arbitration (A15) (the "Arbitration Orders"). Kimbrough then spent the following year ignoring the Arbitration Orders and wasting the courts' and the parties' time and resources by filing frivolous motions, objections, and appeals. Now that the District Court has dismissed Kimbrough's case for want of prosecution, he again asks this Court to review the non-appealable Arbitration Orders, which this Court has no jurisdiction to review. However, even if this Court had jurisdiction (it does not), Kimbrough has failed to meet his burden to show that the District Court committed any reversible error in determining that his claims are arbitrable. Similarly, the record evidence does not support overturning the Arbitration Orders on the grounds that American Express waived its right to arbitrate; American Express repeatedly informed the District Court and Kimbrough that the

case should be arbitrated, and American Express took no action inconsistent with the assertion of its right to arbitrate.

As to the other issues raised on appeal, Kimbrough has failed to overcome the abuse of discretion standard that applies to the review of the District Court's procedural decisions and its order dismissing the case for want of prosecution, (A1), following Kimbrough's repeated refusal to initiate arbitration.

Accordingly, the appeal should be dismissed or, in the alternative, the judgment should be affirmed.

# ARGUMENT

## I.     STATEMENT OF THE STANDARD OF REVIEW

"A pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable. Indeed, 9 U.S.C. § 16(b) positively *forbids* appeal." *Moglia v. Pac. Employers Ins. Co. of N. Am.*, 547 F.3d 835, 837 (7th Cir. 2008) (emphasis in original).

In determining whether a party waived its right to arbitrate, factual findings are reviewed for clear error and the question of whether the party requesting arbitration's conduct amounts to waiver is reviewed *de novo*. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011).

As to the review of procedural orders, "[t]he District Court's decisions related to docket management, including permitting extensions, are reviewed for abuse of discretion." *Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023).

A dismissal for failure to prosecute is reviewed for abuse of discretion. *Next Millennium Telecom Co. v. Am. Signal Corp.*, 112 F.4th 481, 484 (7th Cir. 2024).

## II.    THIS COURT DOES NOT HAVE JURISDICTION TO REVIEW THE ARBITRATION ORDERS

As a threshold matter, this appeal is barred by the rule prohibiting appeals of decisions compelling arbitration.  (*See* Appellant's Br. at 7-8 (Issues 1, 2, & 5).)[2]

"A pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable."  *Moglia*, 547 F.3d at 837.  This Court has held that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(b), "positively *forbids* appeal."  *Id.* (emphasis in original); *see also INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 500 (7th Cir. 2020) (similar).

Kimbrough already tried appealing the District Court's Arbitration Orders—a "pro-arbitration decision coupled with a stay"—in this Court once before and this Court correctly dismissed his appeal for lack of jurisdiction.  (*See* A22).  Kimbrough now seeks to litigate those same arguments again with no new basis as to why he can now properly bring those claims before this Court.  There is none.  As this Court previously acknowledged, "this Court lacks jurisdiction to review the district court's grant of American Express' motion to compel arbitration by the explicit terms of the Federal Arbitration Act."  (*Id.* (citing 9 U.S.C. § 16(b)).)

---

[2] Although Kimbrough's Notice of Appeal identified eight Orders that were the subject of his appeal, he no longer argues for reversal of the Order at ECF 17 in his Appellate Brief.

Kimbrough should not be permitted to defeat this Court's prior decision by wholly ignoring the Arbitration Orders and triggering a dismissal for failure to prosecute. Such a strategem—if allowed by this Court—would provide every dissatisfied loser of an arbitration motion with a roadmap to evade the Supreme Court's clear command that orders compelling arbitration and staying litigation are not appealable. Kimbrough's approach (if allowed) would also undermine the rule of law and the authority of District Courts, by rewarding a litigant who willfully refuses to obey valid District Court orders. *See In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 730 (9th Cir. 1989) (integrity of judicial system will be substantially undermined if litigants may "disobey the duly ordered judgments of the courts at will"). The appeal should be dismissed for lack of jurisdiction.

## III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING KIMBROUGH'S CASE FOR FAILURE TO COMMENCE THE ARBITRATION PROCESS

### A. Dismissal With Prejudice Was an Appropriate Sanction for Kimbrough's Repeated, Willful Refusal to Obey the Arbitration Orders

If this Court finds that appellate jurisdiction exists, it should affirm the judgment.

Under Fed. R. Civ. P. 41(b), a plaintiff's action may be dismissed with prejudice if the plaintiff fails to prosecute or to comply with . . . a court order. Fed.

20

R. Civ. P. 41(b).  A dismissal for failure to prosecute is reviewed for abuse of discretion.  *Next Millennium Telecom Co.*, 112 F.4th at 484; *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020).  "The district judge should be presumed to have acted reasonably, and reversal is warranted therefore only if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion."  *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993).  "So long as the district judge's analysis was not tainted by a legal error or the failure to consider an essential factor, . . . [this Court] will reverse only no reasonable person could concur in the district judge's decision or, put another way, if the decision strikes [this Court] as fundamentally wrong."  *Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001).

In the 13 months following the Arbitration Orders, Kimbrough failed to initiate arbitration of his claims.  Instead, he filed repeated motions, objections, and appeals asking the District Court and this Court to re-decide those Orders.  At the May 30, 2024 status conference, Kimbrough argued, as he does here, that American Express was the party required to initiate the arbitration proceedings.  (Appellant Br. at 35-36.)  The District Court made clear at the conference, (A35-36), and in its subsequent order that Kimbrough was mistaken:

21

Plaintiff explained that he believes it is Defendant's obligation to
initiate arbitration proceedings, because Defendant is the one who
successfully moved to compel arbitration. But that is, of course,
incorrect. The order compelling arbitration means that if Plaintiff
wants to pursue his claim against Defendant, he must do so by means
of arbitration. Defendant, of course, would be perfectly happy for
Plaintiff not to pursue his claim, which would be Plaintiff's right.
Defendant is under no obligation to initiate a claim against itself.

(A27.)

To commence arbitration, Kimbrough had to either pay a small fee to

commence arbitration or demonstrate inability to pay.  (*See, e.g.*, ECF 30-2 at 12

("You will be responsible for paying your share of any arbitration fees . . . At your

written request, we will consider in good faith making a temporary advance of

your share of any arbitration fees, or paying for the reasonable fees of an expert

appointed by the arbitrator for good cause.").)  He did not do either of these things,

which were well within his control, at any point during the entire 13 months that

the District Court gave him.  The District Court repeatedly warned Kimbrough

that a failure to comply with the Arbitration Orders by failing to initiate arbitration

would result in a dismissal of his claims (*see, e.g.*, A26 & A29)  When Kimbrough

ignored those warnings, the District Court was well within its authority to dismiss

his case. *See White v. Williams*, 423 F. App'x 645, 646 (7th Cir. 2011) ("District judges

have the inherent authority to impose sanctions—including dismissal—when a

litigant engages in conduct that abuses the judicial process."); *see also U.S. ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Turner v. Zurich*, No. 122CV01495JPHMKK, 2023 WL 5231492, at *2 (S.D. Ind. Feb. 24, 2023) ("[A]busive or frivolous filings will not be tolerated. The Court has inherent authority to manage its docket and protect its finite resources.").  It is clear from the record that Kimbrough could have commenced arbitration and was given every opportunity to do so by the District Court.  Instead, Kimbrough willfully refused to initiate arbitration in direct defiance of the District Court's orders.  As such, there was no abuse of discretion in dismissing his claims and the District Court's dismissal for want of prosecution should be affirmed.

### B.     Kimbrough Could Have Complied With the Arbitration Orders, But Chose Not to Comply

Following the Arbitration Orders, Kimbrough could have initiated the arbitration of his claims fairly easily.  The Arbitration Agreements set forth the process for initiating arbitration as follows:

**Initiating Arbitration**

Before beginning arbitration, you or we must first send a claim notice. Claims will be referred to either JAMS or AAA, as selected by the party electing arbitration. Claims will be resolved pursuant to this Arbitration provision and the selected organization's rules in effect when the claim is filed, except where those rules conflict with this Agreement. If we choose the organization, you may select the other within 30 days after receiving notice of our selection. Contact JAMS or AAA to begin an arbitration or for other information.

(*See, e.g.*, ECF 30-2 at 11.)  The majority of the cost of the arbitration is borne by American Express with Kimbrough responsible only for the cost of any arbitration fees up to the amount of the filing fees to bring his claims in court.  (*Id.* at 12 § Arbitration Fees and Costs.)  Further, Kimbrough could make a written request to American Express asking that it bear all of the fees in light of any financial hardship to Kimbrough.  (*Id.*)  Kimbrough did none of these things.  This Court has previously affirmed dismissal where appellants, like Kimbrough, understood orders and still chose to defy them despite ample opportunity to comply.  *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.), *opinion amended on denial of reh'g*, 87 F.3d 202 (7th Cir. 1996).  It should do the same here.

C. **Kimbrough's Refusal to Comply With the Arbitration Orders Does Not Enable This Court to Review Them**

Kimbrough's request that this Court review the Arbitration Orders is also prohibited by the collateral bar doctrine.  "Once a court issues an order, the

24

collateral bar doctrine prevents the loser from migrating to another tribunal in search of a decision he likes better." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995); *see also In re Establishment Inspection of Hern Iron Works*, 881 F.2d at 730 ("[O]ur system is premised on the simple fact that orders, once issued, must be respected."). For example, when a sanctions order is issued in error, the collateral bar doctrine obligates the sanctioned party to obey it unless and until it is modified or lifted through proper judicial process. *Madej v. Briley*, 371 F.3d 898, 899–900 (7th Cir. 2004).

Rather than complying with the Arbitration Orders, Kimbrough filed repetitive and baseless motions and objections asking the District Court and this Court to come to a different result. Having lost on all of those, Kimbrough simply continued to disobey the Arbitration Orders until he received a dismissal sanction. Such conduct is grossly disrespectful of the rule of law, and as such, should deprive him of any ability to challenge the order dismissing his case for failure to prosecute. *See Howat v. Kansas*, 258 U.S. 181, 189-90 (1922) ("An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of

the court may be").  Disobedience of the Arbitration Orders was properly punished through the judgment dismissing the claim with prejudice.  *See id.* at 190 (until the court's "decision is reversed for error by orderly review, either by itself or a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished").

Thus, under the collateral bar doctrine, Kimbrough cannot challenge the validity of the Arbitration Orders; he can only dispute whether or not dismissal was an appropriate sanction for his failure to obey the District Court's orders.  For this additional reason, this Court should decline to review Kimbrough's arguments related to the Arbitration Orders and the District Court's dismissal should be affirmed.

### D.    The District Court Did Not Abuse its Discretion in Compelling Kimbrough's Claims to Arbitration

#### 1.    Legal Standards for Arbitration Motions

In granting American Express's Motion to Compel Arbitration, the District Court found that (1) Kimbrough and American Express entered into valid arbitration agreements under Utah law (the law governing disputes under the agreements); (2) that Kimbrough's claims were covered by the Parties' agreement to arbitrate; and (3) Kimbrough was not agreeing to arbitrate.  (A12-13.)  The last

finding is clearly not in dispute. Kimbrough argues that the District Court improperly considered the affidavit and supporting exhibits provided with American Express's Motion to Compel Arbitration because they fail to comply with the standards of Fed. R. Ev. 1002. (Appellant Br. at 36-37.) Kimbrough's arguments are prohibited under the FAA. *See* Section I, *supra*. But even if this Court were to consider them, Kimbrough is wrong.

Whether an agreement to arbitrate has been formed is governed by state-law principles of contract formation. *Domer v. Menard, Inc.*, 116 F.4th 686, 694 (7th Cir. 2024). "Whether or not [a] company [is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court on the basis of the contract entered into by the parties." *AT & T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). "To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). "In evaluating an arbitration agreement, courts may properly consider relevant exhibits and affidavits." *Walton v. Uprova Credit LLC*, 722 F. Supp. 3d 824, 831 (S.D. Ind. 2024).

**2.** **The Arbitration Agreements Entered Into by Kimbrough and American Express Entered Are Valid**

The party seeking to compel arbitration bears the burden of proving that an agreement to arbitrate exists. *Domer*, 116 F.4th at 694. Once the moving party satisfies its initial burden, the nonmoving party must identify a triable issue of fact, much like the nonmoving party's burden on a motion for summary judgment. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The nonmoving party "cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.*

The District Court correctly found that American Express met its burden to show that there was an agreement to arbitrate between Kimbrough and American Express. (A9.) Kimbrough never disputed that Utah law governed the formation of the cardmember agreements and there is no question that the cardmember agreements, including the arbitration agreements, are valid under Utah law. Utah law provides:

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests

funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e).  Further, Utah law expressly allows arbitration provisions to be included in open-end credit agreements.  *See* Utah Code Ann. § 70C-4-102(2)(b) (providing that "[a] creditor may change an open-end consumer credit contract in accordance with this section to include arbitration or other alternative dispute resolution mechanism"); Utah Code Ann. § 70C-4-105(1) (providing that "a creditor may contract with the debtor of an open-end consumer credit contract for a waiver by the debtor of the right to initiate or participate in a class action related to the open-end consumer credit contract").

Consistent with Utah law, American Express provided Kimbrough with the cardmember agreements along with the American Express cards when it opened the Accounts.  (ECF 30-1 at ¶ 4.)  American Express cardmember agreements provide that use of the credit card constitutes acceptance of the agreement.  (*Id.* ¶ 4; ECF 30-2 at 6, 23, 36, 70.)  Kimbrough thereafter kept the issued cards and used the Accounts, thereby accepting the terms of the cardmember agreements, including the Arbitration Agreements.  (ECF 30-1 at ¶ 6; ECF 30-3.)  Kimbrough has never disputed that he received the cardmember agreements; Kimbrough has never disputed that he kept the issued cards and used the Accounts.  Thus, the

District Court was correct in finding, as numerous other courts have confirmed, that the Arbitration Agreements are valid and enforceable agreements to arbitrate under Utah law. (A12.) *See also, e.g., Aneke v. Am. Express Travel Related Servs., Inc.*, 841 F. Supp. 2d 368, 376, 378 (D.D.C. 2012) (holding that arbitration agreement is "valid and enforceable under Utah law, which is the relevant state law in this case" and rejecting plaintiffs' "policy argument about the limits of arbitration and the prejudicial impact it has on their statutory claims"); *Khanna v. Am. Express Co.*, No. 11 Civ. 6245 (JSR), 2011 WL 6382603, at *3–4 (S.D.N.Y. Dec. 14, 2011) (arbitration agreement is "binding and enforceable" under Utah law where cardmember agreement provided that use of the card constituted assent to the agreement's terms and plaintiff used the card); *Miller v. Corinthian Colls., Inc.*, 769 F. Supp. 2d 1336, 1348–49 (D. Utah 2011) (holding that arbitration provision is not substantively or procedurally unconscionable under Utah law); *Smith v. ComputerTraining.com Inc.*, 772 F. Supp. 2d 850, 856–57 (E.D. Mich. 2011) (enforcing Utah choice-of-law provision and finding that arbitration provision is not unconscionable under Utah law), *aff'd*, 531 F. App'x 713 (6th Cir. 2013); *Wynne v. Am. Express Co.*, No. 2:09-CV-00260-TJW, 2010 WL 3860362, at *7 (E.D. Tex. Sept. 30, 2010) (enforcing Utah choice-of-law provision and finding that arbitration

provision is not unconscionable under Utah or Texas law); *Spann v. Am. Express Travel Related Servs. Co., Inc.*, 224 S.W.3d 698, 718 (Tenn. Ct. App. 2006) (upholding American Express's Arbitration Provision under Utah law against an unconscionability challenge).

### 3. Kimbrough's Claims Are Covered by the Arbitration Agreements

The District Court correctly held that the express terms of the binding Arbitration Agreements between American Express and Kimbrough provide that Kimbrough's claims against American Express must be arbitrated. (A12-13.) The Arbitration Agreements expressly cover "any current or future claim, dispute or controversy relating to [Kimbrough's] Account(s), this Agreement, or any agreement or relationship [Kimbrough has] or had with [American Express] . . . ." (ECF 30-1 at ¶ 4; ECF 30-2 at § Claims Resolution.) The Arbitration Agreements go on to explain that "Claim" expressly includes initial claims, such as Kimbrough's. (*Id.*) Additionally, the Arbitration Agreements provide that they apply to "claims based upon contract, tort, fraud, statute, regulation, common law and equity." (*Id.*) Further, the cardmember agreements contain a provision entitled "Credit Reports," which states in relevant part "[y]ou agree that we will give information about the Account to credit reporting agencies. We will tell a

credit reporting agency if you fail to comply with any term of this Agreement. This may have a negative impact on your credit report . . . ."  (*Id.*)  As the District Court found, "[Kimbrough's] entire argument in this case is that [American Express] failed to adequately investigate [Kimbrough's] disputes. As such, the scope of the agreements covers the dispute."  (A13.)

In reaching its decision on the Motion to Compel Arbitration, the District Court appropriately relied on the cardmember agreements, which American Express provided in full with its Motion to Compel Arbitration and authenticated with an affidavit.  (ECF 30-1, 30-2, & 30-3.)  In contrast, the cases on which Kimbrough relies involved parties moving to compel arbitration that provided *no* arbitration agreement between the relevant parties to the court.  *See A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018) (plaintiff could not be bound by terms of arbitration agreement where plaintiff was not a party to the agreement and could not have consented to the agreement because she was a minor); *see also Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 619 (7th Cir. 2024) ("[I]dentifying a generic arbitration agreement and then independently listing the names and addresses of alleged consumers without doing anything to link those consumers to the agreement does not satisfy the 'existence of an arbitration agreement'

element."). Kimbrough now offers this Court nothing more than his disagreement with the District Court's decision; that is not enough. Accordingly, should this Court reach the merits of this issue, the Arbitration Orders should be affirmed.

## IV. THE DISTRICT COURT'S DECISION COMPELLING ARBITRATION WAS CORRECT AND THERE WAS NO WAIVER BY AMERICAN EXPRESS OF ITS ARBITRATION RIGHTS

Even if this Court were to exercise jurisdiction to review the Arbitration Orders, the District Court's decision compelling arbitration in this matter was correct and should be affirmed.[3]

### A. Kimbrough Forfeited His Argument That American Express Waived its Right to Arbitrate

"Arguments inadvertently not raised in the district court are forfeited and, in the civil context, ordinarily unreviewable on appeal, because [this Court] review[s] forfeited claims only in exceptional cases." *Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023), *cert. denied sub nom. Love v. Neal*, No. 23-1034, 2024 WL 4426542 (U.S. Oct. 7, 2024).

Kimbrough failed to bring the argument that American Express waived its right to arbitrate in response to the motion to compel arbitration. His waiver

---

[3] As discussed further in Section II.D, *infra*, the District Court properly found that Kimbrough's claims were covered by the Parties' agreement to arbitrate.

argument was raised for the first time, nine months after the Arbitration Order in his Notice of Waiver of Arbitration filed on July 18, 2024 (ECF 104).  The District Court denied that motion, stating, "Plaintiff's argument that Defendant waived its right to arbitration by participating in this litigation prior to filing a motion to compel arbitration could and should have been raised by Plaintiff in response to the motion to compel; by failing to raise it then, Plaintiff forfeited the argument." (A29.)  This Court should do the same.

### B.     American Express Did Not Waive its Right to Arbitrate

Even if Kimbrough had not forfeited this argument and the Court had jurisdiction to review it (neither being true), American Express did not explicitly or implicitly waive its right to arbitrate.  There are two ways a party can waive its arbitration rights:  (1) an explicit waiver through agreement or (2) an implicit waiver through conduct.  Kimbrough does not argue that American Express explicitly waived its right to arbitrate nor is there anything in the record suggesting that American Express made an express waiver.  Accordingly, if this Court were to reach this issue, the only decision to address is whether American Express's conduct created an inference that it waived its arbitration rights. Because American Express consistently demonstrated its intention to arbitrate, waiver cannot be inferred.

"For waiver of the right to arbitrate to be inferred, [the Court] must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus*, 660 F.3d at 994 (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir.2004)). Several factors are considered in the waiver analysis, including diligence or the lack thereof, which should weigh heavily in the decision. *Cabinetree of Wisconsin v. Kraftmaid Cabinetry*, 50 F.3d 388, 391 (7th Cir.1995). Other factors to be considered include "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Kawasaki Heavy Indus.*, 660 F.3d at 994.

Here, it is clear that American Express did not take any action that was inconsistent with its right to arbitrate. American Express raised its intention to arbitrate on many occasions, including as an affirmative defense in its answer to Kimbrough's Complaint. (ECF 11 at 21 ("Plaintiff's claims are subject to binding arbitration pursuant to a valid and binding arbitration agreement and American Express specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.").) American Express again raised its intention to arbitrate in opposition to Kimbrough's motion for default (ECF 14), and in its

request for extension of time to respond to Kimbrough's summary judgment motion (ECF 25), stating that it "plan[ned] to file a motion to compel arbitration, pursuant to the valid and binding arbitration agreements contained within the cardmember agreements governing Plaintiff's accounts with American Express." (*Id.* at 2.) Kimbrough's assertions that American Express participated in case management and discovery prior to the filing of its motion to compel arbitration, (*see* Appellant's Br. at 19-22), are inconsistent with the record. Like the defendant in *Kawasaki*, American Express "continually voiced its desire to arbitrate" up to the filing of its motion to compel arbitration. *See Kawasaki Heavy Indus.*, 660 F.3d at 998.

The cases cited by Kimbrough in support of his waiver argument are either distinguishable or support a finding that there was no waiver in this case. In *Cabinetree*, the court found waiver of right to arbitrate where the defendant failed to request arbitration when it removed the case to federal court and delayed its request to arbitrate for no other reason that it needed time "to weigh its options." *Cabinetree of Wisconsin*, 50 F.3d at 391.[4] In *St. Mary's*, during the ten months that

---

[4] The court noted that delay in bringing a motion to compel arbitration is not "automatically a source of prejudice." *Id.*

defendant waited to file its motion to compel arbitration, it participated in the litigation by filing a motion to dismiss or for summary judgment, without mentioning arbitration. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589 (7th Cir. 1992).[5] In *Grumhaus v. Comerica Secs., Inc.*, waiver was found where the plaintiffs sought to arbitrate claims only after litigating their claims in court and losing a motion to dismiss. 223 F.3d 648, 650 (7th Cir. 2000).

Here, American Express did not file any substantive motion prior to its Motion to Compel Arbitration. Although it communicated with Kimbrough and with the court to ensure that it did not miss any relevant deadlines, American Express consistently indicated its intention to arbitrate. Accordingly, American Express did not waive its right to arbitrate.

## V.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN MANAGING ITS DOCKET AND EXTENDING CERTAIN DEADLINES

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Its "decisions related to docket

---

[5] The court noted that "ten months is not, standing alone, a substantial delay." *Id.*

management, including permitting extensions, are reviewed for abuse of discretion." *Alicea*, 88 F.4th at 1218.

Kimbrough argues that because American Express ostensibly did not comply with Local Rule 6-1(c) in its Unopposed Motion for Extension of Time filed on June 23, 2023 (ECF 25), American Express should be considered to have been in default at the time that it filed its Motion to Compel Arbitration, thus rendering that motion a nullity. (Appellant Br. at 24-25.) The District Court rejected these arguments for several reasons, holding that:

> the failure to respond to a motion for summary judgment is not an act of default. *See Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992) ('[A] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to appear violated a local rule.') (citations omitted). In addition, Plaintiff's motion is based on Plaintiff's belief that Local Rule 6-1 prohibits extensions of time longer than 28 days. But that is incorrect. Local Rule 6-1(a) . . . does not apply to extensions of time to respond to a motion for summary judgment. And even if it did apply, and the Court had granted the motion in contravention of the Local Rule (which, again, it did not), the fact remains that the Court granted the motion. Defendant could not possibly have been "in default" of anything if it was following a court order.

(A26-27.) Because Kimbrough has failed to show that the District Court abused its discretion in so holding, this Court should affirm.

## VI.   THE DISTRICT COURT WAS WITHIN ITS DISCRETION TO DENY KIMBROUGH'S REQUESTS RELATED TO PURPORTED "UNAUTHORIZED PRACTICE OF LAW"

This Court reviews the District Court's decisions on procedural issues for abuse of discretion and will only disturb the decision of the District Court if it find the District Court "acted unreasonably." *Miller v. Chicago Transit Auth.*, 20 F.4th 1148, 1153 (7th Cir. 2021). "Overcoming the abuse-of-discretion standard is hard, especially so in cases where, as here, the district court 'is simply exercising its judgment about whether to relieve a party from an unexcused ... failure to comply with the rules.'" *Id.* (quoting *Troxell v. Fedders of N. Am.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Kimbrough argues that certain actions by American Express's counsel violated procedural rules, thus causing him prejudice. (Appellant Br. at 26-27.) Counsel Elise Haverman filed her notice of appearance in the case on May 10, 2024. (ECF 93.) Prior to filing the notice of appearance, Attorney Haverman filed all papers pursuant to Local Rule 83-5 to be admitted to the United States District Court for the Southern District of Indiana and paid all applicable fees. As such, Attorney Haverman filed the notice of appearance in good faith, but inadvertently did not take the separate telephone oath of attorney. That oath was taken on May 17, 2024. On May 16, 2024, Kimbrough filed a motion asserting that Attorney

Haverman was not admitted to practice before the court and requesting an order compelling evidence of her admission. The District Court denied the motion as moot, because "[a]s of May 17, 2024, Ms. Haverman has complied with all local rules and requirements and has been properly admitted and authorized to practice law in the United States District Court for the Southern District of Indiana." (A24.) Kimbrough argues that Attorney Haverman's appearance prior to the oath was a violation of Indiana Code 33-43-1-8 and Local Rule 83-5, but the record shows that Kimbrough is mistaken.

The District Court's Local Rule 83-5 provides, "[t]he Indiana Rules of Professional Conduct . . . govern the conduct of those practicing in the court." *See* Local R. 83-5(f). Those rules, in turn, state the following concerning the multijurisdictional practice of law:

> A lawyer who is not admitted to practice in this jurisdiction, but is admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that: [. . .] are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized [. . .].

*See* Indiana Rules of Professional Conduct, Rule 5.5(c)(2).

With respect to the various actions by other counsel for American Express that Kimbrough cites, there is also no merit to Kimbrough's claims.  As the record reflects, Attorney Adam Hoock was admitted before the District Court on June 9, 2023, and entered his appearance that same day.  (ECF 23.)  Attorney Stephen Newman was admitted before the District Court on June 15, 2023, and entered his appearance one week later.  (ECF 24.)  There is no question that Attorneys Hoock and Newman were admitted to practice before the District Court through the application process outlined in Local Rule 83-5(c).  During the timeline of events raised by Kimbrough, Attorneys Hoock and Newman—who represented American Express and had just taken over the handling of this particular case from the previous attorney of record—likewise were admitted to practice in various other United States jurisdictions, were not disbarred or suspended from practice in any jurisdiction, and expected to be authorized to appear in these proceedings (and timely applied for, and were granted, such admission as just outlined above), in compliance with Rule 5.5(c)(2)'s provisions concerning the multijurisdictional practice of law.  Attorney David Switzler—likewise admitted to practice in various other United States jurisdictions and not disbarred or suspended from practice in any jurisdiction—anticipated applying for admission and expected to be admitted

before the District Court at the time of his correspondence with Kimbrough. Attorney Switzler ultimately did not appear in the proceedings, because other attorneys were staffed to the matter. Accordingly, Attorney Switzler also did not engage in the unauthorized practice of law.

Kimbrough says that the District court "fail[ed] to address" the purported "misconduct" by counsel for American Express. (Appellant Br. at 13.) Not so. The District Court received briefing on these matters and, after evaluating the same arguments and rules Kimbrough raises in his appeal, denied the relief Kimbrough requested. (A24, A29, & A31.) There is nothing in the record indicating that the District Court acted unreasonably in denying Kimbrough's requests as is required to overturn the District Court's decisions on these issues. *See Miller*, 20 F.4th at 1153. Kimbrough did not argue prejudice before the District Court and makes no credible argument now that the seven days between when Attorney Haverman filed her appearance in this case and when she took the separate telephone oath of attorney nor any of counsel's other actions caused him prejudice in any way. In sum, Kimbrough has utterly failed to overcome the abuse-of-discretion standard that applies to the District Court's exercise of its discretion as to American Express's compliance with procedural rules. *See id.*

The cases cited by Kimbrough in support of his arguments are inapplicable. (*See* Appellant Br. at 15-16.)  In *Love v. Vanihel*, the court addressed rules particular to the prison system, not local rules of the court and cited case law acknowledging the distinctions between the two.  73 F.4th at 449, 451.  The "procedural default" of the petitioner in that case concerned claims that he raised during his prison administrative proceedings.  *Id.* at 448–49.  The case of *In re Bagdade* involved conduct significantly more severe than Ms. Haverman's inadvertent failure to take the telephonic oath prior to filing her appearance.  334 F.3d 568, 571 (7th Cir. 2003). In that case, the Seventh Circuit found that "[i]n addition to making frivolous arguments, Bagdade (a) filed a false certificate of service and failed to serve the brief on his adversary until (in response to the adversary's demands) this court directed him to do so; (b) failed to include in the appendix all of the materials required by Circuit Rule 30 (although he falsely certified that he had complied with that rule); (c) relied on an unpublished order of this court, despite the prohibition in Circuit Rule 53(b)(2)(iv)(A); and (d) made several false or misleading statements of fact." *Id.* at 570–71.  It is unclear how the other two cases Kimbrough cites relate to his argument here.  *Halim v. Great Gatsby's Auction Gallery, Inc.*, addressed and affirmed the district court's finding that the defendant

43

did not implicitly waive its right to arbitrate by removing the action to federal court before filing its motion to compel arbitration.  516 F.3d 557, 562 (7th Cir. 2008). As to the Fifth Circuit authority cited on page 16 of Appellant's brief, American Express has been unable to locate this case by case name or citation. Nothing in the record here indicates that counsel for American Express made any frivolous arguments, intentional false representations to the court, nor any other conduct that would rise close to the level of the misconduct cited in *Baghdade*.[6] Accordingly, the District Court's exercise of discretion in denying the relief requested by Kimbrough related to purported violations of procedural rules should be affirmed.

## VII.   THE DISTRICT COURT DID NOT PLACE UNFAIR BURDENS ON KIMBROUGH AS A *PRO SE* LITIGANT

Kimbrough's final argument is that the District Court placed unfair burdens on him because he is a *pro se* litigant.  (Appellant's Br. at 47-52.)  This is an extension of his argument that the District Court abused its discretion in dismissing his case

---

[6] Ironically, Kimbrough himself has previously been warned by the Southern District of Indiana to cease attempting to represent other litigants in court despite his not being a licensed attorney anywhere.  *See JMC Prop. Grp., LLC v. Fortune Co., Inc.*, 2023 U.S. Dist. LEXIS 43304, *7-8 (S. D. Ind. Mar. 14, 2023) ("Mr. Kimbrough has established a pattern of seeking to represent individuals and entities in federal court... He has been warned in each lawsuit that this practice it not permitted because he is not a licensed attorney.").

for want of prosecution and should be denied for the same reasons.  *See* Section II,

*supra*.

The District Court gave Kimbrough more than a year to initiate arbitration

following the Arbitration Orders.  During that year, the District Court issued

numerous orders reiterating to Kimbrough that, if he wanted to prosecute his

claims, he needed to initiate arbitration.  (*See, e.g.*, A9, A26, & A29.)  At the court-

ordered conference to address Kimbrough's failure to comply with the Arbitration

Orders, the District Court again emphasized repeatedly that Mr. Kimbrough

needed to initiate arbitration if he wanted to pursue his claims.   (A35-36.)

Following the hearing, the District Court provided Kimbrough with further

direction on how to initiate arbitration:

> During the status conference, Plaintiff indicated that he did not know
> how to initiate arbitration proceedings. Pursuant to the arbitration
> agreement, Plaintiff may select either JAMS or AAA as the
> organization to conduct the arbitration. *See, e.g.*, [ECF 30-2 at 11.]
> Plaintiff can find information about how to initiate an arbitration
> proceeding at the JAMS website, www.jamsadr.com, and/or the AAA
> website, www.adr.org.

(A28.)  Prior to the dismissal, Kimbrough was also given multiple warnings that

failure to comply with the District Court's orders to initiate arbitration would

result in dismissal of the case for failure to prosecute.  (A26; A31).  Kimbrough

repeatedly failed to follow the explicit instructions of the District Court.  As a

result, the District Court was well within its discretion to dismiss the case for failure to prosecute and as a sanction for non-compliance with the Arbitration Orders (*see* Section II, *supra*). Kimbrough was not unfairly prejudiced because the District Court gave Kimbrough every opportunity to initiate his claims in arbitration. Kimbrough's consistent and repeated refusals to obey the Arbitration orders were what led to the judgment against him.

Kimbrough argues that, as a *pro se* litigant, he was prejudiced by (1) the District Court's consideration of certain arguments made by American Express; (2) the District Court's purported failure to consider sufficient evidence in compelling arbitration; and (3) the District Court's rulings in favor of American Express over Kimbrough on a number of issues. (Appellant's Br. at 47-52.) First, there is nothing in the record that suggests that the District Court was or became prejudiced against Kimbrough in any way. To the contrary, the District Court issued orders grounded in the applicable substantive law after giving equal consideration to the arguments of both parties. (*See, e.g.*, A9, A15, & A26.) None of the orders rely on the arguments made by American Express that Kimbrough suggests were inappropriate or inflammatory. Second, as detailed in Section II.D, *supra*, the District Court properly considered the affidavit and exhibits submitted

by American Express in deciding to compel arbitration. Finally, that Kimbrough does not agree with the District Court's various findings and rulings in favor of American Express does not make those rulings prejudicial. Kimbrough cites to no evidence in the record (there is none) that he was treated unfairly as a *pro se* litigant.

The cases that Kimbrough cites do not change the outcome. Two of the cases did not involve self-represented litigants. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). The other two cases addressed the standards for reviewing the allegations in *pro se* complaints brought by prisoners, a class of *pro se* plaintiff that faces additional barriers in determining information for their claims. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). This Court noted that, in such instances, the allegations of the *pro se* plaintiff's *complaint* should be held to less stringent standards than formal pleadings drafted by lawyers and should be construed liberally to allow for amendment if it appears that the plaintiff may be able to state a claim. *See id.*; *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). Here, unlike the cases cited by Kimbrough, the

dismissal was based on his repeated failures to follow the District Court's orders not on curable deficiencies in the substantive allegations of his complaint.

Where, as here, a party allows his case to lie dormant or disobeys court orders, the District Court has inherent authority to dismiss the case under Fed. R. Civ. P. 41(b), even when that party is representing themselves. *See Taylor v. Shepard*, No. 20-3113, 2022 WL 832509, at *2 (7th Cir. Mar. 21, 2022) (dismissing action of *pro se* litigant for repeated failures to comply with court orders and deadlines); *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (district court did not abuse discretion in dismissing under Fed. R. Civ. P. 41(b) for "pattern of dilatory conduct" by *pro se* plaintiff); *Downs*, 78 F.3d at 1257 (7th Cir.) (affirming default judgment as sanction against *pro se* litigant and noting that "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders."); *see also Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2007) ("[A] litigant's *pro se* status does not afford license to disobey orders from this court."). Accordingly, this Court should affirm the District Court's dismissal.

## CONCLUSION

For the foregoing reasons and all those appearing in the record, American Express respectfully requests that this Court dismiss the appeal, or in the alternative affirm the decisions of the District Court.

Date:  February 5, 2025                    Respectfully submitted,

<u>/s/   *Stephen J. Newman*</u>
Stephen J. Newman
snewman@steptoe.com
STEPTOE LLP
2029 Century Park East, 9th Floor
Los Angeles, CA 90067
Telephone:  (213) 439-9400
Facsimile:  (213) 439-9599

Cara A. Lawson
clawson@steptoe.com
STEPTOE LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone:  (312) 577-1300

*Attorneys for Defendant-Appellee American Express National Bank*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Circuit Rule 32, because this document contains 10,078 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 13-point Palatino Linotype style font.

Date: February 5, 2025

/s/   *Stephen J. Newman*
Stephen J. Newman

*Attorneys for Defendant-Appellee American Express National Bank*

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all materials required

by Circuit Rule 30(a) and (b) are included in the Appendix.

/s/  *Stephen J. Newman*
Stephen J. Newman

**PROOF OF SERVICE**

The undersigned, counsel for the Defendant-Appellee, American Express National Bank, hereby certifies that on February 5, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that a true and correct digital copy of the foregoing was provided to Plaintiff-Appellant Joey Kimbrough by email at the address joeykokomo2002@yahoo.com.


/s/  *Stephen J. Newman*
Stephen J. Newman

# APPENDIX

# TABLE OF CONTENTS TO APPENDIX

Entry Dismissing Action for Failure to Prosecute, Doc. 117, filed October 17, 2024...... A-1

Final Judgment Pursuant to Fed. R. Civ. Pro. 58, Doc. 118, filed October 17, 2024........ A-4

Order on Motion for Sanctions and Motion for Continuance, Doc. 48,
filed September 8, 2023............................................................................................ A-6

Order on Motion to Compel Arbitration, Doc. 49, filed September 8, 2023 ................... A-9

Order Staying Proceedings Pending Arbitration and Dismissing Pending Motion
Without Prejudice, Doc. 50, filed September 12, 2023 ...................................................... A-15

Order Denying Motions to Reconsider, Doc. 79, filed January 8, 2024 ......................... A-17

Mandate of 7th Circuit Court Dismissing Appeal, Doc. 83,
filed January 17, 2024............................................................................................... A-22

Order regarding Unauthorized Practice of Law, Doc. 101,
filed June 11, 2024.................................................................................................... A-24

Order on Motion to Vacate Stay, Doc. 102, filed June 11, 2024 ....................................... A-26

Order Denying Waiver of Arbitration, Doc. 107, filed August 1, 2024 ......................... A-29

Order to Show Cause and Order Overruling Plaintiff's Objections,
Doc. 114, filed September 20, 2024........................................................................... A-31

Excerpts of Official Reporter's Transcript of In-Person Status Conference held on
May 30, 2024 [pages 3, 4, 5]..................................................................................... A-33

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY DISMISSING ACTION FOR FAILURE TO PROSECUTE

On October 7, 2022, *pro se* Plaintiff Joey Kimbrough ("Kimbrough") initiated this action against American Express Company, aka American Express National Bank ("Defendant") (Dkt. 1). On September 8, 2023, the Court granted Defendant's Motion to Compel Arbitration (Dkt. 29) and Kimbrough was ordered to commence arbitration proceedings. Defendant was ordered to file periodic Notices of the status of arbitration proceedings. *Id*. Kimbrough initiated an appeal, and on January 17, 2024, the Seventh Circuit Court of Appeals issued a Mandate dismissing Kimbrough's appeal for review of the order compelling arbitration, stating appellate review was prohibited (Dkt. 83). Kimbrough then moved to vacate the order compelling arbitration (Dkt. 94), which was denied (Dkt. 102). Kimbrough was notified that if he failed to commence arbitration by July 19, 2024, "**the Court may assume that Kimbrough has decided to abandon his claim and may therefore dismiss this case, with prejudice, for failure to prosecute**." *Id.* at 2 (emphasis in original).

On September 20, 2024, the Court ordered Kimbrough to show cause why he has failed to comply with the Court's orders or commence arbitration (Dkt. 114). The Court again notified Kimbrough that "[f]ailure to comply with the Order may result in dismissal of this matter." *Id.* at

A-1

1. On October 11, 2024, Kimbrough filed a Response to the Court's Show Cause Order (Dkt. 116). In his Response, Kimbrough raises the same arguments that this Court has previously rejected, including arguments that arbitration is not required and that Defendant must initiate arbitration. As of the Notice of Status of Arbitration Proceedings filed on October 3, 2024, Kimbrough still has not commenced arbitration proceedings (Dkt. 115).

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," his claims may be dismissed with prejudice. Fed. R. Civ. P. 41(b). "A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute.").

Kimbrough's Response and his ongoing refusal to commence arbitration make clear that he will not pursue this case in the manner the Court has ruled that the law requires, despite repeated warnings that his claims may otherwise be dismissed. Dismissal of this action for failure to prosecute or comply with the Court order is therefore appropriate. *James*, 417 F.3d at 681 (affirming *sua sponte* dismissal of action, with prejudice, for failure to prosecute where plaintiff was ordered to arbitrate claims but refused to commence arbitration); *see Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("Dismissal for failure to prosecute is, as provided in Fed. R. Civ. P. 41(b), with prejudice, and appellate review is highly deferential.").

For the reasons explained above, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute. Final judgment consistent with this Entry will issue under separate order.

**SO ORDERED**.

A-2

Date:   10/17/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Elise Kyla Haverman
Steptoe LLP
ehaverman@steptoe.com

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Stephen J. Newman
Steptoe LLP
snewman@steptoe.com

3

A-3

Case: 24-2971    Document: 18    Filed: 02/05/2025    Pages: 100
Case 1:22-cv-01993-TWP-MJD    Document 118    Filed 10/17/24    Page 1 of 2 PageID #:
869

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58

The Court having this day made its Entry directing the entry of final judgment, the Court

now enters **FINAL JUDGMENT**. This action is **dismissed with prejudice**.

Dated: 10/17/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Elise Kyla Haverman
Steptoe LLP
ehaverman@steptoe.com

A-4

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Stephen J. Newman
Steptoe LLP
snewman@steptoe.com

2

A-5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SANCTIONS
AND MOTION FOR CONTINUANCE**

This matter is before the Court on Plaintiff's Motion for Sanctions [Dkt. 28] and Motion for

Continuance. [Dkt. 47.] Each motion is resolved, in turn, below.

**I.     Background**

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express

Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple

accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum

Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4)

Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card

ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal

accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed

to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's

creditworthiness.

## II.    Motion for Sanctions

In his motion for sanctions, Plaintiff seeks sanctions against the law firm Stroock & Stroock & Lavan, LLP ("Stroock") and attorney Brian Frontino ("Frontino"), who was previously a partner at Stroock. Plaintiff alleges that Defendant was unrepresented by counsel for a month-long period due to lapses in admitting counsel to practice in the Southern District of Indiana. As a result of that lapse, Stroock and Frontino violated a duty of care that was owed to Defendant, the Court, and Plaintiff. Plaintiff also alleges that due to this lapse, he was prejudiced because he was unable to serve Discovery Requests on Defendant at that time.

As Defendant points out, neither Plaintiff, Defendant, nor the Court have been prejudiced by the alleged actions of Stroock or Frontino. Frontino entered an appearance for Defendant on December 27, 2022. Adam Hoock and Stephen Newman later entered appearances in June of 2023. While the attorneys representing Defendant may have changed, there was no point throughout that six-month period where Stroock was not representing Defendant. Further, Plaintiff was not prejudiced by this change, as he was able to communicate with attorneys at Stroock throughout that six-month period and serve discovery requests on June 13, 2023.

Because the failure of Defendant's various attorneys to promptly withdraw from and appear in this case simply is not sanctionable, Plaintiff's motion for sanctions is **DENIED**.

## III.    Motion for Continuance

In his unopposed motion for continuance, Plaintiff states that he will be out of town from September 3, 2023, through and including September 21, 2023, without access to the internet. He requests permission from the Court to file any responsive filings within a reasonable time following his return. As of the date of this order, if anything were filed that required a response from Plaintiff, he would be able to respond within the allotted time granted by Local Rule 7-1 or

A-7

to timely seek additional time after his return home. For that reason, Plaintiff's Motion for

Continuance is **DENIED AS MOOT**.

### IV.     Conclusion

For the reasons set forth above, Plaintiff's Motion for Sanctions [Dkt. 28] and Motion for

Continuance [Dkt. 47] are **DENIED**.

SO ORDERED.

Dated:   8 SEP 2023

                    Mark J. Dinsmore
                    United States Magistrate Judge
                    Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

A-8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Defendant's Motion to Compel Arbitration. [Dkt. 29.]

For the reasons set forth below, the motion is **GRANTED**.

## I.     Background

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express

Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple

accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum

Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4)

Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card

ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal

accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed

to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's

creditworthiness.

A-9

## II.     Discussion

In the instant motion Defendant, seeks to compel arbitration of Plaintiff's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements (the "Agreements") that apply to Plaintiff's accounts. The Agreements provide, in relevant part:

**Governing Law**

Utah law and federal law govern this Agreement and your Account. They govern without regard to internal principles of conflicts of law. We are located in Utah. We hold your account in Utah. We entered into this agreement with you in Utah.

**Claims Resolution**

. . . You may reject the arbitration provision by sending us written notice within 45 days after your first card purchase. See Your Right to Reject Arbitration below. For this section, you and us includes any corporate parents, subsidiaries, affiliates or related persons or entities. Claim means any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision. Claim includes but is not limited to: (1) initial claims, counterclaims, crossclaims and third-party claims; (2) claims based upon contract, tort, fraud, statute, regulation, common law and equity; (3) claims by or against any third party using or providing any product, service or benefit in connection with any account; and (4) claims that arise from or relate to (a) any account created under any of the agreements, or any balances on any such account, (b) advertisements, promotions or statements related to any accounts, goods or services financed under any accounts or terms of financing, (c) benefits and services related to card membership (including fee-based or free benefit programs, enrollment services and rewards programs) and (d) your application for any account . . .

**Arbitration**

You or we may elect to resolve any claim by individual arbitration. Claims are decided by a neutral arbitrator. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any claim subject to arbitration. Arbitration procedures are generally simpler than the rules that apply in court, and discovery is more limited. The arbitrator's decisions are as enforceable as any court order and are subject to very limited review by a court. Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

A-10

**Initiating Arbitration**

> . . . You or we may otherwise elect to arbitrate any claim at any time unless it has
> been filed in court and trial has begun or final judgment has been entered. . .

**Continuation**

> This section will survive termination of your Account . . .

[Dkt 30-2.]

### A. Governing Law

As Defendant points out, Utah law governs whether there is a valid arbitration agreement,

while the FAA will govern the enforceability of the agreement. This is because Utah governs the

agreement.[1] Under the Utah Code[2],

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided
> with a written copy of the terms of the agreement; (ii) the agreement provides that
> any use of the credit offered shall constitute acceptance of those terms; and (iii)
> after the debtor receives the agreement, the debtor, or a person authorized by the
> debtor, requests funds pursuant to the credit agreement or otherwise uses the credit
> offered.

Utah Code Ann. § 25-5-4(2)(e). Here, Plaintiff was provided with a written copy of the terms of

the Agreements when he received his American Express credit cards upon opening the Accounts.

---

1 Plaintiff points to Indiana law to suggest the unenforceability of the agreement; however, Utah
law will apply to decide whether there is a valid arbitration agreement. *See Hoopes v. Gulf
Stream Coach, Inc.*, 2012 WL 1029352, at *4 (N.D. Ind. Mar. 26, 2012) (applying choice of law
provisions in arbitration agreement stating that Michigan law applies to disputes between the
parties).

2 Even if Indiana law were applied, as urged by Plaintiff, the result would be the same. "On
application of a party showing an agreement described in section 1 of this chapter, and the
opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration.
Ten (10) days notice in writing of the hearing of such application shall be served personally upon
the party in default. If the opposing party denies the existence of the agreement to arbitrate, the
court shall proceed summarily to the determination of the issue raised without further pleading
and shall order arbitration if found for the moving party; otherwise, the application shall be
denied." IN Code § 34-57-2-3 (2022).

[Dkt. 30 at 4.] Further, the Agreements stated that use of the credit cards constituted acceptance of the terms, and Plaintiff continued to use the cards. Plaintiff argues that the "take it or leave it" style contract is procedurally and substantively unconscionable; however, Utah Code expressly allows this type of open-end credit agreement. *See* Utah Code Ann. § 70C-4-102(2)(b). Accordingly, under Utah law, the agreements are valid.

### B.  Enforceability

"A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

Here, the Agreements are valid under Utah law. Further, Plaintiff did not exercise his option to reject the Agreements. Plaintiff argues that he did not receive notice of the terms or have the opportunity to understand the full implications of agreeing to the terms. However, Plaintiff did receive notice of the terms, as he received them in writing, and the Agreements very clearly state that Plaintiff could have rejected the terms within 45 days of his first card purchase. "[M]ere inequality in bargaining . . .  is not a sufficient reason to hold that arbitration agreements are never enforceable." *Twist v. Arbusto*, 2006 WL 1547083, at *9 (S.D. Ind. June 2, 2006) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Like in *Twist*, the arbitration provisions here were not buried or hidden in the Agreement. Plaintiff simply did not exercise his option to reject them.

Plaintiff further argues that the scope of the Agreements does not cover the present dispute. However, the Agreements clearly state that "claim means any current or future claim,

**dispute or controversy relating to your Accounts(s),** this Agreement, or any agreement or

relationship you have or had with us, except for the validity, enforceability or scope of the

Arbitration provision." [Dkt. 30-2.] Plaintiff's entire argument in this case is that Defendant

failed to adequately investigate Plaintiff's disputes. As such, the scope of the agreements covers

the dispute.[3] Accordingly, under the FAA, the Court must compel arbitration.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration, [Dkt. 29] is

**GRANTED**.[4]

Defendant shall file a Notice setting forth the status of the arbitration proceedings on or

before **January 5, 2024**, **and every thirty days thereafter**.

SO ORDERED.

Dated:  8 SEP 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

3 Plaintiff argues that the agreement is overbroad, ambiguous, and overreaching. He further
argues that Defendant has waived the arbitration provision in its entirety. However, ambiguities,
if any, in the "agreement must be resolved in favor of arbitration." *See Lamps Plus, Inc. v.
Varela*, 139 S. Ct. 1407, 1418–19, (2019). Further, "a party can waive a contractual right to
arbitration," and the Court "will infer waiver of the right to arbitrate if, considering the totality of
the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy
Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Here,
Plaintiff has not shown any evidence that Defendant has acted inconsistently with the right to
arbitrate.
4 While Plaintiff's point regarding Defendant's unexplained delay in filing its motion to compel
arbitration is well-taken, Plaintiff's Motion to Proceed with Case Management Plan [Dkt. 27] is
**DENIED AS MOOT** in light of this ruling.

A-13

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

A-14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER STAYING PROCEEDINGS PENDING ARBITRATION
## AND DISMISSING PENDING MOTION WITHOUT PREJUDICE

*Pro se* Plaintiff Joey Kimbrough ("Kimbrough") initiated this action alleging violations by Defendant American Express Company aka American Express National Bank ("American Express") of the Fair Credit Reporting Act (Dkt. 1). Specifically, Kimbrough had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, "the Accounts"). Kimbrough alleges that American Express failed to properly investigate his disputes regarding inaccuracies, which damaged his creditworthiness. *Id*. Kimbrough filed a Motion for Summary Judgment on May 31, 2023 (Dkt. 20), and thereafter, the Court granted American Express' unopposed motion for an extension of time to respond to Kimbrough's summary judgment motion until such time as the Court has ruled on the issue of whether Plaintiff is required to arbitrate this dispute. (Dkt. 26).

The Court has recently determined that it must compel arbitration of Kimbrough's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements. (Dkt. 49.)

A-15

Within its Motion to Compel Arbitration, American Express requested a stay of these proceedings until the completion of arbitration. (Dkt. 30 at 1.) That request is **granted** and all proceedings in this case are **STAYED**. Kimbrough's Motion for Summary Judgment (Dkt. 20) is **DISMISSED without prejudice** and he may refile it, if appropriate once the stay is lifted.

The Court notes that American Express is directed to file a Notice setting forth the status of the arbitration proceedings on or before **Friday, January 5, 2024, and every thirty (30) days thereafter**. (Dkt. 49 at 5.)

**SO ORDERED.**

Date:  9/12/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana 46902

Adam Hoock
STEPTOE & JOHNSON LLP
ahoock@steptoe.com

Brian Charles Frontino
MORGAN, LEWIS & BOCKIUS LLP
brian.frontino@morganlewis.com

Stephen J. Newman
STEPTOE & JOHNSON LLP
snewman@steptoe.com

2

A-16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS TO RECONSIDER

This matter is before the Court on *pro se* Plaintiff Joey Kimbrough's ("Kimbrough")
Motion for Reconsideration (Dkt. 52) and second Motion for Reconsideration (Dkt. 56). For the
reasons explained below, Kimbrough's Motions are **denied**.

## I.     BACKGROUND

Kimbrough initiated this action in October 2022 alleging violations by Defendant
American Express Company aka American Express National Bank ("Defendant" or "American
Express") of the Fair Credit Reporting Act (Dkt. 1). Kimbrough had multiple accounts through
American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business
Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card
ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively,
the "Accounts"). Some of the Accounts were used as personal accounts, while others were used
for Kimbrough's businesses. He alleges that Defendant failed to properly investigate his disputes
regarding inaccuracies, which damaged Kimbrough's creditworthiness.

The undersigned referred several non-dispositive motions in this case to the Magistrate
Judge. On September 8, 2023, the Magistrate Judge entered an Order denying Kimbrough's Motion

A-17

for Sanctions (Dkt. 28) and Motion for Continuance of the trial (Dkt. 47) (*see* Dkt. 48).  On that same date, the Magistrate Judge granted the Defendant's Motion to Compel Arbitration (Dkt. 49). Kimbrough now asks the Court to reconsider these rulings.

## II.   LEGAL STANDARD

Section 636 of the Federal Magistrates Act, and Federal Rule of Civil Procedure 72(a) govern district court review of non-dispositive magistrate judge decisions. 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  Under the clear error standard, the court can "overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## III.   DISCUSSION

### A.   Motion for Reconsideration (Dkt. 52)

In his Motion for Sanctions (Dkt. 28), Kimbrough sought sanctions against the law firm Stroock & Stroock & Lavan, LLP ("Stroock") and attorney Brian Frontino ("Frontino"), who was previously a partner at Stroock.  Kimbrough argued that American Express "was unrepresented by counsel from at least May 11th, 2023, until June 9th, 2023, due to lapses in admitting counsel to practice in the Southern District of Indiana." (Dkt. 28 at 2.)  Kimbrough contended that he was prejudiced by not being able to serve discovery requests during the lapse in counsel.  *Id*. at 3.  He argued because of that lapse, Stroock and Frontino violated "a duty of care that was owed to their client, this honorable court, and plaintiff Kimbrough", *id*. at 2, and he requested monetary sanctions.

2

A-18

*Id.* In response, American Express pointed out that Kimbrough did, in fact, serve discovery requests on American Express on June 13, 2023, and Kimbrough, by email, subsequently agreed to an extension of time for American Express to respond to those discovery requests. (Dkt. 32 at 3.) American Express argued that Kimbrough had identified no misconduct, no breach of duty of care to American Express, and no violation of professional ethics or the standards of professional conduct to warrant imposition of sanctions; and that Kimbrough nor the court was prejudiced by the timing of counsel's appearances. *Id.*

The Magistrate Judge concluded that "neither Plaintiff, Defendant, nor the Court have been prejudiced by the alleged actions of Stroock or Frontino" and denied the motion for sanctions "[b]ecause the failure of Defendant's various attorneys to promptly withdraw from and appear in this case simply is not sanctionable." (Dkt. 48 at 2.) The Magistrate Judge also determined that Kimbrough's unopposed motion for continuance was actually a motion for extension of time to file responsive pleadings; and this request was denied as moot because at that time, no pleadings which required Kimbrough's response were pending. *Id.* at 2-3. Kimbrough's motion for sanctions and continuance were then denied.

Kimbrough contends that the Magistrate Judge's Order denying sanctions and a continuance was erroneous because "Defendant's representation was in question during critical times in the litigation, leading to potential miscarriages of justice and procedural confusion." (Dkt. 52 at 2.) He argues "[m]ultiple procedural violations and potential misconduct were identified, highlighting the need for a thorough reevaluation". *Id.* The Court is not persuaded.

Kimbrough has not shown that the Magistrate Judge's Order was clearly erroneous, a mistake, or contrary to law to justify sustaining his objection. The Magistrate Judge sufficiently and correctly considered, analyzed, and addressed each of the arguments raised by Kimbrough. In

A-19

addition, contrary to Kimbrough's contentions, the Court finds no misconduct or procedural violations on the part of Defendant's counsel. Although Kimbrough contends that denial of his motions has "potential prejudicial effects," potential prejudice is not enough. Kimbrough has not shown how he was prejudiced by the changes or delay in the appearance of Defendant's counsel or denial of his request for a continuance, and he has shown no error in the Magistrate Judge's ruling. Kimbrough's motion to reconsider the order denying sanctions and a continuance is **denied**.

**B. <u>Second Motion for Reconsideration (Dkt. 56)</u>**

The Magistrate Judge granted the Defendant's, Motion to compel arbitration of Kimbrough's claims, finding that the Arbitration Agreement in the American Express cardholder agreements (the "Agreements") applied to Kimbrough's accounts. (Dkt. 49.) Kimbrough seeks reconsideration of this decision asserting "Defendant has not met the burden of proof to demonstrate that a clear and mutual agreement to arbitrate exists between the parties." (Filing No. 56 at 2-3.)

Kimbrough's motion is **denied**. First, he simply repeats his previous arguments to this Court which is not the appropriate use of a motion to reconsider. *See Ford Motor Credit Co.,* 2021 WL 6050000, at *2 (denying a motion to reconsider that "simply repeats and repackages their previous arguments"). Kimbrough contends there is ambiguity in the acquisition of accounts, inadequate proof of delivery of the Agreements, over-reliance on the declaration of Keith Herr, absence of a mutual agreement, and the Defendant's actions were inconsistent with respect to arbitration. (Dkt. 56 at 2-3.) But all these arguments were raised in his response in opposition to the motion to compel arbitration, and these arguments were considered and appropriately rejected by the Magistrate Judge.

Second, Kimbrough has not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law. The Magistrate Judge correctly noted "A court must compel arbitration under

A-20

the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Kimbrough does not dispute that Utah law governs. This Court concludes the Magistrate Judge correctly found that under Utah law, the Agreement compelling arbitration is valid, and the scope of the agreements covers Kimbrough's dispute with American Express. The Magistrate Judge correctly found that a clear and mutual agreement to arbitrate exists between the parties. Kimbrough's second Motion to reconsider is **denied**.

### IV.    CONCLUSION

For the reasons explained above, Kimbrough's Motion for Reconsideration (Dkt. 52) and second Motion for Reconsideration (Dkt. 56) are **DENIED**.

**SO ORDERED.**

Date: 1/8/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana 46902

Adam Hoock
STEPTOE & JOHNSON LLP
ahoock@steptoe.com

Stephen J. Newman
STEPTOE & JOHNSON LLP
snewman@steptoe.com

Brian Charles Frontino
MORGAN, LEWIS & BOCKIUS LLP
brian.frontino@morganlewis.com

A-21

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 22, 2023

*Before:*

**Thomas L. Kirsch II,** *Circuit Judge*
**John Z. Lee,** *Circuit Judge*
**Doris L. Pryor,** *Circuit Judge*

No. 23-2912

| | |
|---|---|
| JOEY D. KIMBROUGH,<br>      *Plaintiff - Appellant,*<br><br>      *v.*<br><br>AMERICAN EXPRESS COMPANY,<br>also known as AMERICAN EXPRESS<br>NATIONAL BANK,<br>      *Defendant - Appellee.* | Appeal from the United<br>States District Court for<br>the Southern District of Indiana,<br>Indianapolis Division.<br><br>No. 1:22-cv-01993-TWP-MJD<br><br>Mark J. Dinsmore,<br>*Magistrate Judge.* |

**O R D E R**

On consideration of the papers filed in this appeal and review of the short record,

   **IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

   "A pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable.... Indeed, 9 U.S.C. § 16(b) positively *forbids* appeal." *Moglia v. Pacific Employers Ins. Co. of North America,* 547 F.3d 835, 837 (7th Cir. 2008) (emphasis in original). The only exception to § 16(b)'s prohibition is an appeal by permission under 28 USC § 1292(b). *Id.* at 838; *see also INTL FCStone Financial Inc. v. Jacobson*, 950 F.3d 491, 500-01 (7th Cir. 2020).

   In this case, Joey D. Kimbrough appeals an order by Magistrate Judge Mark S. Dinsmore (Dkt. 49) that was entered on the docket on September 11, 2023, as modified by the order of Judge Tanya Walton Pratt (Dkt. 50) on September 12, 2023. In these orders, the district court granted a motion to compel arbitration and stayed all proceedings pending the completion of arbitration. As such, appellate review is prohibited.

A-22

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

January 17, 2024

To:  Roger A. G. Sharpe
     UNITED STATES DISTRICT COURT
     Southern District of Indiana
     United States Courthouse
     Indianapolis, IN 46204-0000

| No. 23-2912 | JOEY D. KIMBROUGH,<br>     Plaintiff - Appellant<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, also known as AMERICAN EXPRESS NATIONAL BANK,<br>     Defendant - Appellee |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:22-cv-01993-TWP-MJD<br>Southern District of Indiana, Indianapolis Division<br>Magistrate Judge Mark J. Dinsmore | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:             No record to be returned

form name: **c7_Mandate**    (form ID: **135**)

A-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Notice of Unauthorized Practice of Law and

Motion to Compel. [Dkt. 95.] On May 17, 2024, Plaintiff filed the instant motion stating that

Defendant's Counsel, Elise K. Haverman, appeared in this case prior to taking her Oath of

Attorney to be admitted to the United States District Court for the Southern District of Indiana.

[Dkt. 95.] Plaintiff argues that an order compelling Ms. Haverman to provide evidence of her

admission to practice before this Court is warranted. *Id.* As of May 17, 2024, Ms. Haverman has

complied with all local rules and requirements and has been properly admitted and authorized to

practice law in the United States District Court for the Southern District of Indiana. [Dkt. 96.]

Accordingly, this Plaintiff's Notice of Unauthorized Practice of Law and Motion to Compel [Dkt.

95] is **DENIED AS MOOT**.

SO ORDERED.

Dated:  11 JUN 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

A-24

Distribution:

All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate Order Staying Proceedings

and Order Compelling Arbitration. [Dkt. 94.] The basis of Plaintiff's motion is that he believes

Defendant was in default at the time the Order in question was entered because he believes the

Defendant failed to timely respond to Plaintiff's motion for summary judgment. For the reasons

set forth below, Defendant was not in default. Accordingly, Plaintiff's motion is **DENIED**.

Plaintiff's argument that Defendant was in default is incorrect for several reasons. First

and foremost, the failure to respond to a motion for summary judgment is not an act of default.

*See Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992) ("[A] motion for

summary judgment cannot be granted simply because there is no opposition, even if failure to

appear violated a local rule.") (citations omitted). In addition, Plaintiff's motion is based on

Plaintiff's belief that Local Rule 6-1 prohibits extensions of time longer than 28 days. But that is

incorrect. Local Rule 6-1(a) does state that "No initial extension of these deadlines may exceed

28 days," but "these deadlines" in that sentence clearly and unequivocally refers to the two

deadlines enumerated immediately above that sentence:  the deadline for filing a response to a
pleading as defined by Fed. R. Civ. P. 7(a) and the deadline for responding to any written request
for discovery or admissions.  It does not apply to extensions of time to respond to a motion for
summary judgment.  And even if it did apply, and the Court had granted the motion in
contravention of the Local Rule (which, again, it did not), the fact remains that the Court granted
the motion.  Defendant could not possibly have been "in default" of anything if it was following
a court order.

The Court granted Defendant's motion to compel arbitration on September 12, 2023.
[Dkt. 49.]  Plaintiff attempted to appeal that order; his appeals were dismissed for lack of
jurisdiction on January 17, 2024.  In the several months since that time, Plaintiff has failed to
initiate arbitration proceedings.  The Court held a status conference on May 30, 2024, during
which Plaintiff explained that he believes it is Defendant's obligation to initiate arbitration
proceedings, because Defendant is the one who successfully moved to compel arbitration.  But
that is, of course, incorrect.  The order compelling arbitration means that if Plaintiff wants to
pursue his claim against Defendant, he must do so by means of arbitration.  Defendant, of course,
would be perfectly happy for Plaintiff not to pursue his claim, which would be Plaintiff's right.
Defendant is under no obligation to initiate a claim against itself.

**If Plaintiff wishes to pursue his claim against Defendant, Plaintiff shall initiate
arbitration proceedings against Defendant by July 19, 2024, and shall file a notice
confirming that he has done so by no later than July 26, 2024.  Plaintiff is hereby put on
notice that if Plaintiff fails to initiate the arbitration process by July 19, 2024, the Court
may assume that Plaintiff has decided to abandon his claim and may therefore dismiss this
case, with prejudice, for failure to prosecute.**

During the status conference, Plaintiff indicated that he did not know how to initiate arbitration proceedings. Pursuant to the arbitration agreement, Plaintiff may select either JAMS or AAA as the organization to conduct the arbitration. *See, e.g.*, [Dkt. 30-2 at 11.] Plaintiff can find information about how to initiate an arbitration proceeding at the JAMS website, www.jamsadr.com, and/or the AAA website, www.adr.org.

SO ORDERED.

Dated:  11 JUN 2024

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

3

A-28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Notice of Waiver of Arbitration [Dkt. 104.]
For the reasons set forth below, the motion is **DENIED.**

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff") argues in the instant motion that
"Defendant's active participation in litigation, including discovery and case management,
demonstrates an intention to resolve the dispute through the judicial process, thereby waiving
any right to arbitration." [Dkt. 104 at 5.] However, the Court has already granted Defendant's
motion to compel. *See* [Dkt. 49].  Plaintiff's argument that Defendant waived its right to
arbitration by participating in this litigation prior to filing a motion to compel arbitration could
and should have been raised by Plaintiff in response to the motion to compel; by failing to raise it
then, Plaintiff forfeited the argument. The Seventh Circuit has made clear that when a party fails
to raise an argument in its original motion or petition, that argument is forfeited and will not be

reviewed without exceptional circumstances, which are not present here. *Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023).[1] Accordingly, Plaintiff's motion is **DENIED**.

SO ORDERED.

Dated:  1 AUG 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email and U.S. mail to:

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902.

---

[1] Plaintiff also alleges fraud, arguing that Defendant's counsel misrepresented their authority to practice law in this jurisdiction. [Dkt. 104 at 6.] This argument is meritless, and like his arbitration argument, has already been addressed by the Court. *See* [Dkt. 101.]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO SHOW CAUSE
## AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS

On September 8, 2023, the Court granted Defendant's Motion to Compel Arbitration (Dkt. 29). Plaintiff was ordered to commence arbitration proceedings and Defendant was ordered to file a Notice of the status of arbitration proceedings. On January 17, 2024 the Seventh Circuit Court of Appeals issued a Mandate dismissing Plaintiff's appeal for review of the order compelling arbitration stating appellate review was prohibited. (Dkt. 83). The court notes that Mr. Kimbrough objects to the Court's order compelling arbitration (Dkt. 102), and objects to the Court's Order dated August 1, 2024 (Dkt. 107), which denied Plaintiff's Notice of Waiver of Arbitration and associated motions [Dkt. 104]. (Dkt. 111). Plaintiff's objections **are OVERRULED**.

As of the last Notice of Status of Arbitration Proceedings filed on September 3, 2024, Plaintiff has not commenced arbitration proceedings (Dkt. 113). Plaintiff is ordered to file a response to this Order to Show Cause on or before **October 11, 2024** as to why he has failed to comply with the Court's orders, or, he may commence arbitration proceedings as ordered.

Failure to comply with the Order may result in dismissal of this matter.

**IT IS SO ORDERED.**

A-31

Date:     9/20/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Elise Kyla Haverman
Steptoe LLP
ehaverman@steptoe.com

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Stephen J. Newman
Steptoe LLP
snewman@steptoe.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


JOEY KIMBROUGH,                    )
                                   )
              Plaintiff,           ) CAUSE NO.
                                   ) 1:22-cv-01993/TWP-MJD
                                   ) Indianapolis, Indiana
        -v-                        ) **May 30th**, 2024
                                   ) 10:30 a.m.
AMERICAN EXPRESS COMPANY, a/k/a )
AMERICAN EXPRESS NATIONAL BANK, )
                                   )
              Defendant.           )



**Before the Honorable**
**MARK J. DINSMORE, MAGISTRATE JUDGE**



OFFICIAL REPORTER'S TRANSCRIPT OF
IN-PERSON STATUS CONFERENCE


**For Plaintiff:**              Joey Kimbrough, Esq.
(Pro se)                        1712 Candy Court South
                                Kokomo, IN  46902


**For Defendant:**              Elise Kyle Haverman, Esq.
                                STEPTOE, LLP
                                1330 Connecticut Ave NW
                                Washington, DC  20036


**Court Reporter:**             Laura Howie-Walters, FCRR/RPR/CSR
                                Official Court Reporter
                                United States District Court
                                Room 217
                                46 East Ohio Street
                                Indianapolis, Indiana  46204


PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT PRODUCED BY ECLIPSE NT COMPUTER-AIDED TRANSCRIPTION

3

1          THE DEFENDANT:  That is correct, Your Honor.  I have

2     not initiated --

3          THE COURT:  Why not?

4          THE DEFENDANT:  I did not see anything in order 49 or

5     50 from yourself and Judge Pratt's initiating -- indicating

6     that I needed to initiate the arbitration proceedings.  And if

7     I read the agreement, which I hope we all have, the alleged

8     agreement that AmEx put forth, I think it clearly states in

9     there that if they were the ones that compelled arbitration,

10    they're the ones to initiate.

11         So this isn't a game or a ploy by me by any means to

12    not comply with an order.  Absolutely I'm going to comply with

13    every order and I hope to be here until the last order, the

14    dismissal order, but as far as me initiating, no.  It's obvious

15    that I don't agree with the arbitration proceedings, and I'll

16    continue to fight those.  I do not agree with the motion to

17    compel arbitration, but I would not deny an order.

18         THE COURT:  All right.  Ms. Haverman?

19         MS. HAVERMAN:  Yes, Your Honor.  It's American

20    Express's position that this is plaintiff's action and if he

21    would like to seek relief under his claims, he must initiate

22    arbitration based on the American Express card member agreement

23    that he is a party to as laid out in the court's orders.

24         It's not on American Express to file arbitration

25    against itself for claims that the plaintiff seeks.  So it's

A-34

4

1  American Express's position that plaintiff has not filed any

2  motion -- any action to initiate arbitration at all within the

3  past nine months.  Instead, he's just continued to file

4  frivolous and vexatious motions basically from docket entry

5  No. 50 onward wasting this Court's time and resources.

6         So American Express would ask this Court to dismiss

7  plaintiff's complaint with prejudice for failure to prosecute.

8  And in the alternative, set forth a 30-day time frame for the

9  plaintiff to initiate arbitration.  And if plaintiff does not

10  do so, to dismiss the complaint with prejudice.

11         THE COURT:  Well, the case is stayed.  So your motion

12  is denied, but it does appear that if you want to -- do you

13  want to continue to prosecute your claim, Mr. Kimbrough?

14         MR. KIMBROUGH:  Absolutely, Your Honor.

15         THE COURT:  All right.  So if you do, you're going to

16  have to do it in arbitration.  And you're going to have to

17  initiate that arbitration.  Do you know how to do that?

18         MR. KIMBROUGH:  I do not.

19         THE COURT:  The agreement doesn't give you

20  instructions on how to initiate the arbitration?

21         MR. KIMBROUGH:  I honestly did not read that, and all

22  I read was whoever brings forth the arbitration is the one that

23  initiates.  So we have to have a conversation about that.  I

24  understand counsel's position, but that's not what the

25  agreement says.

A-35

1          THE COURT:  Well, they're not -- they're not -- if you

2     want to prosecute the claim, you have to do it through an

3     arbitration.

4          MR. KIMBROUGH:  I would disagree with the Court.  I

5     would object.

6          THE COURT:  You can object, but the Court has ordered

7     this matter to be arbitrated.

8          MR. KIMBROUGH:  Understood.

9          THE COURT:  So if you want to prosecute it, you're

10    going to have to initiate the arbitration.

11         MR. KIMBROUGH:  I don't know what further to say other

12    than I object to that order.  I don't think that it's -- it has

13    standing.  I'm pretty sure we would lose subject matter

14    jurisdiction if that's the case.

15         As I indicated in my pleadings, 9 U.S.C. 3 is pretty

16    clear on the stay of the proceedings and so forth.

17         THE COURT:  Anything else you'd like to add,

18    Mr. Kimbrough?

19         MR. KIMBROUGH:  No.

20         THE COURT:  Anything else, Ms. Haverman.

21         MS. HAVERMAN:  No, Your Honor.  We agree with the

22    Court's position.

23         THE COURT:  We are adjourned.

24              (Court adjourned at 10:40 a.m.)

25

A-36