# IN THE UNITED STATES COURT OF APPEALS

for the Seventh Circuit
APPELLATE CAUSE NO. 24-02971

| | | |
|---|---|---|
| JOEY KIMBROUGH,<br>    Appellant, | )<br>)<br>)<br>) | Appeal from the United States<br>Southern District - Indianapolis<br>Division |
| VS. | )<br>)<br>) | District Court Case No.<br>1:22-cv-01993-TWP-MJD |
| AMERICAN EXPRESS, aka AMERICAN<br>EXPRESS NATIONAL BANK,<br>    Appellees. | )<br>)<br>)<br>)<br>) | The Honorable Tanya Walton Pratt,<br>District Court Judge |

## PLAINTIFF-APPELLANT'S REPLY BRIEF

JOEY KIMBROUGH, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
Phone: (765) 437-8451
Joeykokomo2002@yahoo.com

## ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................... 3

I. INTRODUCTION.........  ...................................................................................... 4

II. AMEX's Argument: The Seventh Circuit Lacks Jurisdiction to Review the District Court's Orders Compelling Arbitration...................................................................5

III. AMEX's Argument: AMEX Did Not Waive Its Right Arbitration.................................................................................................................6

IV. AMEX's Argument: The District Court Did Not Abuse Its Discretion in Managing Its Docket & Extending Deadlines ...........................................................................8

V. AMEX's Argument: The District Court Did Not Err in Denying Plaintiff-Appellant's Claims of Unauthorized Practice of Law ...........................................................9

VI. Conclusion: Why the Seventh Circuit Must Reverse...................................................14

CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32....................................16

NOTICE OF FILING AND PROOF OF SERVICE .........................................................18

## TABLE OF AUTHORITIES

### CASES/STATUTES/OTHER AUTHORITIES

*Federal Rule of Civil Procedure – Rule 12*.................................................................................4

*Federal Rule of Civil Procedure – Rule 5*.................................................................................11

*Local Rule 83-7*.............................................................................4, 9, 11, 12, 13, 14

*9 U.S.C. §16(b)*..........................................................................................................5

*28 U.S.C. § 1291*........................................................................................................6

*Indiana Code 33-43-1-8*............................................................................................10

*Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 390 (7th Cir. 1995)........................................................................................7

*Wallrich v. Samsung Electronics America, Inc.,* 106 F.4th 609 (7th Cir. 2024)........................................................................51

*Grumhaus v. Comerica Secs., Inc.,* 223 F.3d 648, 650 (7th Cir. 2000)........................................................................................................8

*Downs v. Westphal,* 78 F.3d 1252 (7th Cir. 1996)........................................................7

*Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.,* 660 F.3d 988, 994 (7th Cir. 2011)........................................................6

*Love v. Vanihel,* 73 F.4th 439, 449 (7th Cir. 2023)........................................................9

*St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.,* 969 F.2d 585, 589 (7th Cir. 1992)........................................................7

*Moglia v. Pac. Employers Ins. Co.*, 547 F.3d 835 (7th Cir. 2008).....................................5

*United States v. Alden*, 767 F.2d 314, 318 (7th Cir. 1984)........................................9, 12

*Montalvo v. United States,* 174 F.2d 377, 379 (7th Cir. 1949)........................................12

*Smith v. Duffey*, 576 F.3d 336, 340 (7th Cir. 2009)........................................................13

*United States v. Atwood,* 941 F.3d 883, 886 (7th Cir. 2019)........................................13

*Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007)....................14

## I.   INTRODUCTION

Plaintiff-Appellant Joey D. Kimbrough submits this Reply Brief to refute the arguments raised by Defendant-Appellee American Express National Bank ("AMEX") in its Response Brief. AMEX attempts to justify its failure to timely respond to the complaint, its strategic litigation conduct before invoking arbitration, and its blatant procedural violations, all of which resulted in prejudice to Plaintiff-Appellant and an abuse of discretion by the district court.

This case presents a series of procedural irregularities and legal errors that warrant reversal. AMEX's failure to timely answer the complaint triggered default under Rule 12(a)(1)(A), yet the district court failed to enter default judgment, contradicting binding Seventh Circuit precedent. AMEX's Answer to the Complaint was unauthorized, having been filed without an attorney entering an appearance, in clear violation of Local Rule 83-7. Additionally, AMEX's litigation conduct over a 312-day period before invoking arbitration constitutes waiver under well-established Seventh Circuit case law, yet the district court ignored this waiver and improperly compelled arbitration.

Furthermore, AMEX's counsel engaged in unauthorized practice of law, repeatedly failing to properly appear before the court before submitting filings and engaging in discovery communications. Despite this, the district court allowed these violations to stand, further demonstrating an abuse of discretion. Finally, the

4

district court's dismissal of the case for failure to prosecute was improper, as the arbitration agreement placed the burden to initiate arbitration on AMEX, not Plaintiff-Appellant.

For these reasons, and as demonstrated in detail below, the district court's rulings must be reversed, and this case must be remanded for proper adjudication on the merits.

## II. AMEX's Argument: The Seventh Circuit Lacks Jurisdiction to Review the District Court's Orders Compelling Arbitration

**AMEX's Position:**

AMEX contends that under 9 U.S.C. § 16(b), an order compelling arbitration coupled with a stay is not appealable and cites *Moglia v. Pac. Employers Ins. Co.*, **547 F.3d 835 (7th Cir. 2008)**, to argue that this Court lacks jurisdiction to review the district court's orders.

**Plaintiff-Appellant Counterargument:**

1.  **Exception for Final Orders & Improper Arbitration Orders**
    - The Seventh Circuit has recognized exceptions to the non-appealability of arbitration orders when an arbitration order effectively serves as a final judgment or when a court improperly compels arbitration.

- In ***Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988 (7th Cir. 2011)**, the court held that improper arbitration orders are subject to review when they exceed the district court's authority.

- The district court erred in compelling arbitration despite AMEX's waiver, and this erroneous ruling justifies appellate review.

2.  **Final Judgment Dismissal Makes the Order Reviewable**

- The district court ultimately dismissed the case with prejudice for "failure to prosecute," which renders the arbitration order effectively final and appealable under **28 U.S.C. § 1291**.

- ***Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609 (7th Cir. 2024)**, confirmed that when a district court dismisses a case in connection with arbitration enforcement, appellate review is proper.

3.  **AMEX's Argument Mischaracterizes the Nature of the Appeal**

- Plaintiff-Appellant is not merely appealing the arbitration order but rather the procedural violations that led to an improper dismissal.

- The Seventh Circuit has consistently reviewed dismissals resulting from erroneous procedural rulings, as in ***Downs v. Westphal*, 78 F.3d 1252 (7th Cir. 1996)**.

**III. AMEX's Argument: AMEX Did Not Waive Its Right to Arbitration**

**AMEX's Position:**

AMEX claims that it did not waive arbitration and asserts that its participation in litigation was minimal. AMEX further argues that its motion to compel arbitration was timely.

**Plaintiff-Appellant Counterargument:**

1. AMEX's 312-Day Delay Constitutes Waiver Under Controlling Seventh Circuit Law

   - *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, **50 F.3d 388, 390 (7th Cir. 1995)**, establishes that extended participation in litigation before seeking arbitration constitutes waiver.

   - Here, AMEX actively litigated for 312 days, filing multiple motions and engaging in pretrial activities before moving to compel arbitration.

2. Engaging in Discovery and Case Management Constitutes Litigation Conduct Inconsistent With Arbitration

   - *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Prods. Co.*, **969 F.2d 585, 589 (7th Cir. 1992)**, held that discovery participation waives arbitration.

- AMEX's involvement in case management proceedings, discovery exchanges, and pretrial scheduling demonstrates intent to litigate rather than arbitrate.

### 3. Prejudice to Plaintiff-Appellant Supports Waiver

- Prejudice is a crucial factor in waiver analysis, and the Seventh Circuit has repeatedly found that forcing a party to litigate extensively before invoking arbitration is inherently prejudicial.

- In *Grumhaus v. Comerica Secs., Inc.*, **223 F.3d 648, 650 (7th Cir. 2000)**, the court held that forcing a party to engage in pretrial litigation before arbitration is unfair and constitutes waiver.

## IV. AMEX's Argument: The District Court Did Not Abuse Its Discretion in Managing Its Docket & Extending Deadlines

**AMEX's Position:**

AMEX argues that the district court had discretion to allow extensions and manage its docket, including permitting AMEX's late answer and denying Plaintiff-Appellant's motion for default judgment.

**Plaintiff-Appellant Counterargument:**

### 1. The District Court Had No Legal Authority to Excuse AMEX's Procedural Violations

- AMEX failed to file a timely answer, violating Rule 12(a)(1)(A), and the district court had no discretion to excuse this failure absent a showing of excusable neglect.

- *Love v. Vanihel*, **73 F.4th 439 (7th Cir. 2023)**, reaffirmed that courts must apply procedural deadlines consistently and cannot retroactively excuse defaults without legal justification.

2. **The Court's Acceptance of AMEX's Unauthorized Answer Violated Local Rule 83-7**

- AMEX's attorneys filed an answer before entering an appearance, violating Local Rule 83-7.

- In *United States v. Alden*, **767 F.2d 314, 318 (7th Cir. 1984)**, the Seventh Circuit ruled that pleadings submitted by attorneys who had not properly appeared must be stricken from the record.

- The district court's refusal to strike AMEX's unauthorized answer was an abuse of discretion.

**V. AMEX's Argument: The District Court Did Not Err in Denying Plaintiff-Appellant's Claims of Unauthorized Practice of Law**

**AMEX's Position:**

AMEX argues that Plaintiff-Appellant's allegations of unauthorized practice of law are meritless and that its attorneys were properly authorized to represent

AMEX. AMEX claims that all attorneys who communicated with Plaintiff-Appellant or filed pleadings on AMEX's behalf were admitted to practice and in compliance with the relevant local rules.

**Plaintiff-Appellant's Counterargument:**

AMEX's assertions are factually and legally incorrect. The record contains multiple instances of unauthorized practice of law by AMEX's attorneys, including filings submitted by attorneys who failed to enter an appearance, attorneys communicating with Plaintiff-Appellant without authorization, and procedural violations that the district court improperly excused.

The Seventh Circuit and federal law strictly prohibit such unauthorized practice, and the district court's failure to enforce these rules constitutes an abuse of discretion.

**1. The Seventh Circuit Has Strictly Enforced Local Rules on Attorney Admissions**

Both Indiana state law and the Southern District of Indiana's local rules impose clear mandatory requirements for attorney admissions and appearances, which AMEX's attorneys repeatedly ignored.

- Indiana Code 33-43-1-8 prohibits attorneys from practicing without proper admission, stating that:

> *"An individual may not practice law in Indiana without being admitted to the bar by order of the Supreme Court of Indiana."*

- Local Rule 83-7 explicitly requires attorneys to enter an appearance before filing pleadings on behalf of a party, stating:

  > *"Every attorney who represents a party or who files a document on a party's behalf **must first file an appearance** for that party... Only those attorneys who have filed an appearance... are entitled to be served with case documents under Fed. R. Civ. P. 5."*

**Despite these mandatory requirements:**

1. AMEX's Answer to the Complaint (Dkt. 11) was filed before any attorney entered an appearance on behalf of AMEX, rendering the filing procedurally defective and void.

2. Attorney Brian Frontino, listed as AMEX's counsel, stated via email that he was NOT representing AMEX in this matter, yet he continued to be listed as AMEX's attorney and did not file a motion to withdraw, violating Local Rule 83-7(b)(1).

3. Attorney Stephen J. Newman, without having entered an appearance, communicated with Plaintiff-Appellant and attempted to engage in discovery-related correspondence, despite lacking the authority to represent AMEX at that time.

4. AMEX did not have officially recognized representation until Attorney Adam Hoock filed an appearance on June 9, 2023 (Dkt. 23) and Attorney Stephen J. Newman filed an appearance on June 22, 2023 (Dkt. 24).

This pattern of unauthorized filings and communications violated Local Rule 83-7 and constituted unauthorized practice of law, which should have resulted in the striking of AMEX's pleadings and sanctions against its attorneys.

In ***Montalvo v. United States*, 174 F.2d 377, 379 (7th Cir. 1949)**, the Seventh Circuit ruled that filings made by unauthorized attorneys are void. Similarly, in ***United States v. Alden*, 767 F.2d 314, 318 (7th Cir. 1984)**, the court held that any pleadings submitted by attorneys who had not entered an appearance must be stricken from the record.

Thus, the district court erred in failing to strike AMEX's unauthorized filings and in allowing attorneys to act on AMEX's behalf without proper authorization.

## 2. The District Court's Disregard of Local Rules Constitutes an Abuse of Discretion

Despite the clear violations of Local Rule 83-7, the district court refused to apply these rules against AMEX, while strictly enforcing procedural requirements against Plaintiff-Appellant.

- *Smith v. Duffey*, **576 F.3d 336, 340 (7th Cir. 2009)**, held that district courts cannot selectively enforce procedural rules in favor of one party over another.

- *United States v. Atwood*, **941 F.3d 883, 886 (7th Cir. 2019)**, ruled that when courts excuse procedural violations for one party while strictly enforcing them against another, they undermine the fairness and integrity of judicial proceedings.

**Here, the district court created a procedural double standard:**

1. Plaintiff-Appellant was expected to comply with strict procedural requirements, including deadlines and discovery obligations.

2. AMEX was permitted to file an untimely answer through an unauthorized attorney without any consequences.

3. The district court refused to strike AMEX's unauthorized answer despite being presented with clear evidence of Local Rule 83-7 violations.

This disparate treatment violates the fundamental principles of judicial impartiality and due process. The Seventh Circuit has consistently reversed district court decisions where procedural rules were not applied evenly.

**3. The Unauthorized Practice of Law Resulted in Prejudice to Plaintiff-Appellant**

The Seventh Circuit has held that procedural violations must be addressed when they cause prejudice to the opposing party. In ***Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007)**, the court found that allowing a party to circumvent procedural rules results in unfair prejudice to the opposing party.

**Here, Plaintiff-Appellant suffered significant prejudice due to AMEX's procedural violations:**

- The unauthorized Answer allowed AMEX to avoid default judgment, forcing Plaintiff-Appellant to continue litigation that should have been resolved through default.

- The improper discovery communications misled Plaintiff-Appellant, as AMEX's attorneys attempted to engage in discovery before they were properly admitted to the case.

- The district court's refusal to enforce Local Rule 83-7 against AMEX created an unfair advantage, giving AMEX procedural leniency while holding Plaintiff-Appellant to strict compliance.

These procedural irregularities significantly impacted Plaintiff-Appellant's ability to fairly litigate the case, further justifying reversal of the district court's rulings.

**VI. Conclusion: Why the Seventh Circuit Must Reverse**

- AMEX waived its right to arbitration under binding Seventh Circuit precedent.

- The district court exceeded its authority in excusing AMEX's procedural defaults.

- The district court abused its discretion by failing to enforce procedural rules equally.

- The judgment should be reversed, and the case remanded for proper adjudication on the merits.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Appellant, Pro Se
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
Joeykokomo2002@yahoo.com

## **Certificate of Service**

I hereby certify that the foregoing has been served on the Clerk of this Honorable Court on February 9, 2025, via the ECF.

**Distribution:**

All counsel of record.

/s/*Joey Kimbrough*
Joey Kimbrough, Pro Se

### **Certificate of Compliance with Circuit Rule 32**

I hereby certify that this reply brief complies with the type-volume limitation of *Circuit Rule 32*. The brief contains **2752 words**, excluding the parts of the brief exempted by *Federal Rule of Appellate Procedure 32(f)*. The word count was calculated using the word count feature of **Microsoft Word**.

This brief has been prepared in a proportionally spaced typeface using **Times New Roman, 14-point font**, and complies with the typeface and formatting requirements of *Federal Rule of Appellate Procedure 32(a)(5)-(6)* and *Circuit Rule 32*.

Additionally, this brief complies with **Federal Rule of Appellate Procedure 32**, including the following specific provisions:

1. **Form of a Brief – Reproduction (Rule 32(a)(1)):**

   - This brief is reproduced using a process that yields a clear black image on light, opaque, unglazed paper, with text clarity equaling or exceeding that of a laser printer. Only one side of the paper is used in printed copies.

   - Any photographs, illustrations, or tables are reproduced by a method ensuring quality reproduction.

2. **Form of a Brief – Cover (Rule 32(a)(2)):**

- Because Plaintiff-Appellant is an **unrepresented party**, the cover of this brief is **white**, as required under Federal Rule of Appellate Procedure 32(a)(2). Covers in other colors are not applicable to this filing.

I further certify that this brief has been electronically filed in compliance with the **Seventh Circuit Electronic Case Filing (ECF) User Manual** and submitted in text-searchable PDF format. All margins are at least **1 inch**, and the text is double-spaced, except for headings, quotations exceeding two lines, and footnotes, which are single-spaced.

Date: February 9, 2025

/s/ *Joey Kimbrough*
Joey Kimbrough, Appellant, Pro Se
1712 Candy Court South
Kokomo, IN 46902
765-437-8451
Joeykokomo2002@yahoo.com

## Notice of Filing and Proof of Service

**TO:**

Clerk of the United States Court of Appeals for the Seventh Circuit

Everett McKinley Dirksen United States Courthouse

219 S. Dearborn Street, Room 2722

Chicago, IL 60604

**PLEASE TAKE NOTICE** that on **February 9, 2025**, the undersigned has filed

the following documents with the Clerk of the United States Court of Appeals for the

Seventh Circuit by ECF:

- **Plaintiff-Appellant's Reply Brief** in compliance with the Federal Rules of

  Appellate Procedure, including Rule 32(a)(7) regarding word limits and

  formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Seventh Circuit Rule**

**25(a)**, this filing has been submitted electronically via the Seventh Circuit's Case

Management/Electronic Case Filing (CM/ECF) system, which will serve copies of

this filing on all registered parties.

**Distribution:** All Counsel of Record.


Date: February 9, 2025                     /s/ *Joey Kimbrough*
                                           Joey Kimbrough, Appellant, Pro Se
                                           1712 Candy Court South
                                           Kokomo, IN 46902
                                           765-437-8451
                                           Joeykokomo2002@yahoo.com